THE UNION DIME SAVINGS INSTITUTION v. JOSEPH W. DURYEA et al. GIBBONS L. KELTY et al., Respondents, and HENRY C. BISPHAM, Appellant.

Under the provision of the Code (§ 282), authorizing the court where, upon appeal from a judgment, an undertaking requisite to stay execution has been given, to exempt by order from the lien of such judgment real estate upon which it is a lien, and to direct an entry on the docket of judgment that it is " secured on appeal," and declaring that thereupon such judgment shall cease, during the pendency of the appeal, to be a lien upon the property so exempted " as against purchasers and

mortgagees in good faith," one who has, during the pendency of the appeal, taken a mortgage " in good faith " upon property so exempted, in payment of an antecedent debt, is protected, and his mortgage has a preference over the judgment.

It is not necessary for him to show that he parted with value on the faith of the mortgage.

*Weaver* v *Barden* (49 N. Y., 286) and *Cary* v. *White* (52 id., 138) distinguished.

(Argued September 20, 1876; decided October 3, 1876.)

APPEAL on the part of defendant, Henry C. Bispham, from order of the General Term of the Supreme Court, in the first judicial department, reversing an order of Special Term, respecting the distribution of surplus money arising upon a foreclosure sale in this action. (Mem. of decision below, 3 Hun, 210.)

The facts sufficiently appear in the opinion.

*Benj. T. Kissam* for the appellant.

*Alexander Ostrander* for the respondents. The respondents were *bona fide* holders of the mortgage for a valuable consideration. (*Cary* v. *White*, 52 N. Y., 138; *Weaver* v. *Barden*, 49 id., 286; *King* v. *Harris*, 34 id., 330; *Brown* v. *Leavitt*, 31 id., 113; *Wood* v. *Obessin*, 13 id., 509; *Wood* v. *Robinson*, 22 id., 564; *Boyd* v. *Cummings*, 17 id., 101; *Ayrault* v. *McQueen*, 32 Barb., 305; *Stettheim* v. *Meyer*, 33 id., 215; *Caldwell* v. *Hicks*, 37 id., 458; *Padgett* v. *Lawrence*, 10 Paige, 170; *Peck* v. *Mallams*, 10 N. Y., 545; *Lawrence* v. *Clark*, 36 id., 128; *Bk. of N. Y.* v. *Vandervoorst*, 32 id., 553.) The appellant's lien, which was suspended when the docket of his judgment was marked " secured on appeal," was not restored by the order for a new trial as against respondents. (*King* v. *Harris*, 34 N. Y., 330; *Weaver* v. *Barden*, 49 id., 286; *Cary* v. *White*, 52 id., 138.)

EARL, J. This is a controversy about surplus money arising upon the foreclosure of a mortgage. The important facts are as follows: May 1, 1871, the defendant Allen conveyed the

land to the defendant Keech, subject to the mortgage fore-
closed, and took back a mortgage for a portion of the purchase-
money.    March 17, 1873, defendant Bispham recovered a
judgment against Keech for upwards of $1,200, which was on
the same day docketed in the county clerk's office.    From
this judgment Keech appealed and gives the usual under-
taking upon the appeal.    July 28, 1873, an order was made
by the court directing an entry to be made on the docket,
"secured on appeal," and the entry was so made October 15,
1873.    While the docket was thus marked and the appeal
was pending, Keech executed a mortgage on the land for
upwards of $1,200 to the defendants Kelty & Co.

A reference was made to ascertain the rights in the surplus
money, and the above facts appeared.    All parties conceded
that the Allen mortgage should be first paid, and Bispham
and Kelty & Co. each claimed a preference in the balance.
The referee decided against the claim of preference made by
Bispham, and he filed exceptions which were sustained at
Special Term.    Kelty & Co. appealed to the General Term
and there the order of the Special Term was reversed, and the
decision of the referee affirmed, thus giving the mortgage of
Kelty & Co. preference over the judgment of Bispham.

The decision of the General Term is clearly right.    The
Code (§ 282), provides that where there has been an appeal
from a judgment, and an undertaking requisite to stay execu-
tion shall have been given, the court may, upon motion, by
order exempt from the lien of the judgment the real property
upon which the judgment is a lien, and in such case direct the
entry, "secured on appeal," to be made in the docket, and that
"thereupon such judgment shall cease during the pendency of
such appeal to be a lien upon the property so exempted as
against purchasers and mortgagees in good faith."    The
respondents having taken their mortgage while the judgment
was thus secured and the judgment debtors' real estate exempted
from its lien, they are protected if they took their mortgage
*in good faith.*    It was not requisite for them to have parted
with value at the time, provided they took their mortgage

fairly and honestly, and for full value. That they acted in good faith is not questioned, and their antecedent debt furnished a good and full consideration. There are cases arising under the recording acts and cases in which a purchaser of property seeks the protection of a court of equity as against the legal title or a prior equity, where the party must show not only that he is a purchaser in good faith, but for value actually parted with on the faith of the purchase, and in such cases a mere precedent debt does not ordinarily furnish a sufficient consideration. (*Weaver* v. *Barden*, 49 N. Y., 286; *Cary* v. *White*, 52 id., 138.) But here Bispham did not have any legal or equitable right as against a class of persons to which the respondents belonged. The object of the statute was to permit the judgment debtor in such a case to deal with his property as if the judgment had never been a lien thereon, upon the sole condition that the purchaser or mortgagee shall act in good faith.

Other suggestions contained in the brief submitted on the part of the appellant have been duly considered, and they are either wholly groundless, or were in no form made in the court below.

It follows that the order must be affirmed, with costs.

All concur.

Order affirmed.