## SUPREME COURT.

PATRICK H. DOUGHERTY agt. EDWARD A. GARDNER.

*Execution against the person — assignment of part of judgment for tort.*

When part of a judgment for a tort is assigned, execution against the person may still issue in the name of the assignor for the full amount of the judgment.

A judgment for damages resulting from personal injuries is assignable in whole or in part. The right to imprison is not lost.

*Special Term, January*, 1880.

MOTION by defendant to vacate and set aside execution against his person.

Patrick H. Dougherty sued Edward A. Gardner for damages resulting from an assault and battery, and after arresting and holding the defendant to bail on *mesne* process, recovered judgment by default for $5,130.20. While an execution against property was in the hands of the sheriff, the plaintiff assigned one-third of the judgment, a copy of which assignment was forthwith served on the defendant. After the return of the execution against the property, plaintiff's attorney, without any reference to the assignment, issued an execution against the person in the usual form, in the name of the people, for the full amount of the judgment under which execution the defendant was arrested and imprisoned. On affidavits setting forth the above facts, and claiming that he owed the plaintiff only two-thirds of the judgment and his assignee the other third, defendant moved to set aside the execution and for his discharge from imprisonment thereunder.

*Robert Johnstone*, for defendant, insisted : The execution should have been issued only for the two-thirds owned by the plaintiff, and that as to the other third the right to issue an

Dougherty agt. Gardner.

execution against the person was lost, being destroyed by the assignment. That the judgment in the hands of an assignee was a mere debt for which the defendant could not be imprisoned, no wrong having been done the assignee. That if the plaintiff could assign a part to one, he could split the judgment into fifty parts and compel the defendant to travel all around in order to settle a compromise, and that if each could detain the defendant for his share, it was a logical conclusion that each might have a separate execution. That the policy of the law was in favor of compromises and condonements of such torts. That it would be unjust to compel an atonement after arrest to a person that had never been injured, and let a person that was injured assign away a right of forgiveness. Personal injuries cannot be assigned before judgment. Can they be afterwards, except as mere debts? If not, the arrest is illegal.

*Peckham & Tyler*, for plaintiff. The plaintiff was a mere trustee for the assignee as to the part assigned, and the judgment being a writ, the process must conform to it and issue for the full amount due. If the assignment of a part of the judgment was valid, it carried with it the right to imprison, and if invalid, then the defendant was not prejudiced by it. The assignment vitiates no remedy.

LAWRENCE, *J.*—Motion denied.