EDWARD HARMON, Trustee, etc., *v.* ANTHONY S. HOPE et al., JOHN J. NATHANS, Respondent, WILLIAM L. BRADLEY, Appellant.

Where the lien of a judgment upon real estate of the judgment debtor has been suspended during appeal by order of the court as prescribed by the

Statement of case.

Code of Civil Procedure (§ 1256), an order vacating such order of suspension and upon its face purporting to restore the lien *nunc pro tunc* does not restore it as against a creditor whose judgment was docketed in the interval between the granting of the two orders, and who was not a party to the original action or to the proceeding vacating the order. The court cannot by the mere process of vacating its order destroy liens taken upon the faith of it.

The fact that the holder of the second judgment purchased it of the judgment creditor for less than its face does not establish that he did not purchase in good faith, and so that he is not within the protection of the Code ; such purchaser has a right to buy as cheaply as he can, and stands entitled to all the rights of his assignor.

(Argued October 18, 1881 ; decided November 22, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made March 11, 1881, which affirmed an order of Special Term confirming the report of a referee as to the disposition of surplus moneys arising on sale under the judgment herein.

This action was for the foreclosure of a mortgage. The referee reported that John J. Nathans, a judgment creditor of defendant Hope, the mortgagor, was entitled to the surplus arising on the sale.

It appeared that said Nathans' judgment was perfected, and transcript filed in the office of the clerk of the city and county of New York, January 28, 1878. On November 13, 1878, the lien of said judgment was suspended on appeal by order of that date as prescribed by the Code. On November 24, 1878, a judgment was perfected and docketed by the Bank for Savings of the city of New York against said Hope for $38,870.94, which judgment was duly assigned to William L. Bradley on May 27, 1880, for the sum of $200, he also assuming the lien of counsel for their fees. On July 20, 1880, an order was made in the action of *Nathans* v. *Hope*, by its terms vacating the order of suspension and restoring the lien of the judgment therein *nunc pro tunc* as of November 20, 1878.

*H. W. Bookstaver* for appellant. Section 1256 of the Code of Civil Procedure now gives the same protection to a judg-

ment creditor as to a purchaser or mortgagee taking title, when the judgment against the grantor is marked "Lien suspended on appeal." (Throop's Notes to § 1256.) The clause contained in the affidavit of the appellant Hope, in the action of *Nathans* v. *Hope*, as follows, viz.: "Deponent is willing that, after such transfers of mortgages as hereinbefore described, said order may be vacated and the said judgment again become a lien," is not a consent; and even if it was, it could only be a consent that such an order should subsequently be made; and until the order was made, and the docket marked "Lien restored by redocket," the lien of the judgment was suspended. (Code, §§ 1257, 1259.) There could be no revival as to intervening *bona fide* purchasers or incumbrancers so as to cut off their rights by the restoration. (*King* v. *Harris*, 30 Barb. 471; *S. C.*, 34 N. Y. 330; *Foot* v. *Dillaye*, 65 Barb. 521.) An order made in an action is only binding on the parties to the proceedings. (*Foot* v. *Dillaye*, 65 Barb. 521; *Union Dime Svgs. Inst.* v. *Duryea*, 67 N. Y. 84; *King* v. *Harris*, 34 id. 330.)

*Chauncey S. Truax* for respondent. The lien of the Nathans judgments having been temporarily suspended by the order of November 13, 1878, and the court by which said order was made having vacated and set it aside, this left it as though the order suspending the lien had never been entered. (*Barry* v. *Mut. Life Ins. Co. of N. Y.*, 53 N. Y. 536; *Dietz* v. *Farish*, 43 N. Y. Sup. Ct. 87.) The vacating of that order operated retrospectively. (*Smith* v. *Frankfield*, 77 N. Y. 414; *Hall* v. *Andrews*, 65 id. 572.) The jurisdiction of the Court of Common Pleas, so far as this action is concerned, is concurrent with that of the Supreme Court. (*Schaettler* v. *Gardiner*, 47 N. Y. 404; *Bosworth* v. *Vanderwalker*, 53 id. 597; *Rose* v. *Lewis*, 3 Lans. 320.) The appellant Bradley did not purchase the said $38,870 judgment in good faith, having taken that judgment with the knowledge of the circumstances under which the lien of the Nathans judgments had been temporarily suspended. Neither is he a purchaser for

full value.    (*Union Dime Svgs. Inst.* v. *Duryea et al.*, 67 N. Y. 84, 86, 87.)

FINCH, J. This order is sought to be sustained upon two grounds: first, that the effect of the order of July 20, 1880, made by the Court of Common Pleas, vacating its order of November 13, 1878, by which the lien of the Nathans judgment was suspended during appeal was to restore the original lien as against the creditor whose judgment was docketed in the interval; and, second, that Bradley, the assignee of said judgment, did not purchase it in good faith, because not for full value, and is, therefore, not within the protection of the Code (§ 1256). We cannot assent to either proposition. The provisions for suspending the lien of a judgment during the continuance of an appeal as against judgment creditors, purchasers and mortgagees in good faith (Code, §§ 1256, 1259), are a snare and a delusion, if, by the mere process of vacating its order of suspension, the court can destroy the liens taken upon the faith of its own order. It would be a very clear and relentless necessity that could drive us to such injustice. No such necessity exists. If, as is argued, the vacating of the original order operated retrospectively, it could only do so as against persons bound by it and not specifically and expressly protected against the lien asserted. Neither the judgment creditor nor his assignee were in any manner shown to be parties in the original action or upon the proceeding for vacating the order. We are asked to presume the latter fact. We decline to do that. The presumption is the other way. There is no principle, therefore, upon which this order can be made effective to destroy the right of the judgment creditor obtained under the express sanction of the law. (*Union Dime Savings Inst.* v. *Duryea,* 67 N. Y. 84.)

But it is said Bradley did not purchase the judgment in good faith because he only paid $200 for it and its amount was more than $38,000; and that he was assignee with notice and not entitled to favor. The assignments show that he not only paid the $200, but assumed a lien of counsel upon the judgment

for an amount which we do not know. There is not a particle of evidence that he did not pay its full value, taking into account these liens. He had a right to buy the judgment as cheaply as he could and stands entitled to all the rights of his assignor. We have searched the papers in vain to find that he had any notice of any thing except the order on file suspending the lien.

We think, therefore, the order should be reversed, and an order entered that the appellant is entitled to the whole of said surplus moneys, and that they be paid over to him, with costs.

All concur.

Ordered accordingly.