THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL HIRSCH, Relator, *v.* BENJAMIN WEISSBROD, a Marshal of the City of New York, Respondent.

Supreme Court, Special Term, New York County, February 7, 1942.

Sampson Cooper, for the relator.

Philip Olan, for the respondent.

EDER, J. The sole question involved in this habeas corpus proceeding is whether the relator is being lawfully confined and detained under valid process; if he is, the writ must be dismissed.

It appears that the relator was arrested by a marshal of the city of New York upon an execution issued against his person by virtue of the recovery of a judgment obtained against the relator in the Municipal Court of the City of New York, after a trial upon the merits, in an action for wages. Such a remedy is permitted by the statute. There was, therefore, jurisdiction of the person and of the subject-matter and regularity of process under which relator was apprehended and taken into custody and presently imprisoned.

It is the relator's claim that the plaintiff judgment creditor assigned the judgment and that this has destroyed the right to further confine and detain him in that the remedy of execution against the body of a debtor is personal to the plaintiff and that the right to its continued enforcement falls with an assignment of the judgment. I do not share this view nor have I been referred to any case which supports this contention.

The general rule is that an assignment of a judgment carries with it as a right incidental to assignment all remedies for its enforcement (*Harmon* v. *Hope*, 87 N. Y. 10; *Townsend* v. *Whitney*, 75 id. 425), including the right to the remedy of an execution against the body of the debtor. (*Dougherty* v. *Gardner*, 58 How. Pr. 284; *King* v. *Kirby*, 28 Barb. 49. See, also, *Rapp* v. *Masten*, 4 Redf. 76.) As said in *Townsend* v. *Whitney* (*supra*, 433, 434): "Every sale of a judgment, decree, or other obligation carries with it every

remedy which the law gives the seller to enforce payment. The remedy attaches to and inheres in the obligation, and does not pertain to the person of the owner." Succinctly expressed, the assignment vitiates no remedy.

The other ground advanced by relator is likewise untenable. It is this — that the plaintiff judgment creditor no longer is entitled to receive payment in satisfaction of the judgment in that *his* judgment creditor has served upon the relator (as debtor) a restraining order issued in supplementary proceedings instituted against the relator's judgment creditor inhibiting the relator from paying over to his judgment creditor any money in satisfaction of the judgment and is thus prevented from accomplishing his release; that should he make such payment to his judgment creditor he may subject himself to punishment for contempt of court; that in such a situation he is entitled to his release on habeas corpus.

The contention is novel and unique, to say the least; there is no merit to it, whatever. Assuming the described situation to be the fact, it is purely collateral matter which in no way affects the regularity, validity or legality of the process under which relator was apprehended and is now imprisoned.

As to the so-called quandary with which relator appears to think himself bedeviled, it can be easily and readily dispelled by the simple expedient of paying over to the marshal the requisite sum of money in satisfaction of the judgment, placing it *in custodia legis* and leaving the question as to who is entitled, ultimately, to the avails, to the court. (See *Brown* v. *Morgan & Co., Inc.*, 177 Misc. 626.)

The relator is being lawfully confined and detained. Writ dismissed and relator remanded.