■ EDWARD TYMON, Respondent, v. ROBERT A. LINOKI, Individually and as Executor of WILLIAM LINOKI, Deceased, et al., Appellants.— In an action by an alleged vendee for specific performance of a contract for the sale of certain real property (consisting of three lots), and for related relief, the defendant Linoki (the alleged vendor) and the defendant Hayes (an alleged subsequent vendee) appeal from a judgment of the Supreme Court, Queens County, entered June 30, 1964 after a nonjury trial, upon the court's opinion-decision which, *inter alia,* directed the defendant Linoki: (a) to specifically perform the contract; and (b) to deliver to the plaintiff "a Full Covenant and Warranty Deed" to the property. Judgment modified on the law and the facts as follows: (1) by striking out the fourth decretal paragraph which requires said defendant to deliver to plaintiff "a Full Covenant and Warranty Deed" and which contains a particular description of the property; and (2) by substituting therefor a paragraph to the effect that said defendant Robert A. Linoki, individually and as executor of the last will and testament of William Linoki, deceased, shall execute, acknowledge and deliver to the plaintiff, free from all incumbrances, a deed to the premises — the three lots — which are the subject of this action; such deed to contain the first and third covenants set forth in Form A of the statute (Real Property Law, § 258), and such deed to describe the premises conveyed as being known and designated on the tax map of the City of New York, Borough of Queens, as Lot 49 in Block 13,458 of Section 56, Code 2; as Lot 2 in Block 13,431 of Section 56, Code 8; and as Lot 13 in Block 13,430 of Section 56, Code 5. As so modified, the judgment is affirmed, without costs. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. The deed pursuant to the judgment as amended shall be delivered, and the closing of title pursuant to such amended judgment shall be had, 30 days after entry of the order hereon, or on any other date which the parties may mutually fix by written stipulation. When the defendant Linoki unqualifiedly offered to sell the three lots in question for $3,500, he impliedly represented that he had good title free from all incumbrances (*Burwell* v. *Jackson*, 9 N. Y. 535, 539-544). Hence, the deed should contain the first and third statutory covenants (Real Property Law, § 258), as indicated. The judgment as entered failed to include Lot 49, one of the three lots which were the subject of the contract between plaintiff and defendant Linoki. The judgment is directed to be modified accordingly. The judgment also described the lots by reference to a certain ancient development map filed in 1907, which was based on a survey of 1906. Such description is

improper, since it is not included within the terms of the contract sought to be enforced in this action. While the defendant Hayes sought no affirmative relief and while the judgment contains no provision directed against him, nevertheless his appeal may not be dismissed as urged by the plaintiff. Since this defendant claimed to be the proper vendee with the only subsisting enforcible contract for the purchase of the lots, he was adversely affected by the judgment and became a party aggrieved by its provisions directing specific performance in favor of the plaintiff. Obviously, if plaintiff did not prevail, the defendant Hayes would have been entitled to the conveyance. As a party adversely affected and aggrieved by the judgment, he is entitled to appeal therefrom (CPLR 5511). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.