Thomas C. Chimera, J.
This is a motion for summary judgment. The first cause of action is to recover one half of the wedding gifts given to plaintiff and defendant jointly, or the value thereof. The second cause is to recover the value of plaintiff’s share of the wedding gifts wrongfully converted by defendant.
Plaintiff and defendant were married on April 8, 1962. They lived together in Manhattan, New York, until June 15, 1963, when plaintiff left the apartment. She obtained a divorce in Nevada, by default, upon personal service of the summons and complaint on defendant in New York.
Several weeks after plaintiff’s departure from the apartment, defendant changed the lock on the door of the apartment preventing plaintiff from gaining access to it. A demand for one half of the wedding gifts was made by letter dated June 1, 1964.
Defendant, in substance, generally denies the allegations of the complaint and pleads no affirmative defenses.
Defendant, in his examination before trial, admitted that the gifts were given to the bride and groom jointly.
Plaintiff’s removal from the apartment did not result in the forfeiture of her rights and interest in and to the wedding gifts (Plohn v. Plohn, 1 A D 2d 824). Even an unjustifiable departure from the marital home would not cause such a forfeiture (Rosenstiel v. Rosenstiel, 17 A D 2d 106). Household property obtained for general use of husband and wife is deemed to be the property of both of them in the absence of proof of a different intent (Avnet v. Avnet, 204 Misc. 760; Tausik v. Tausik, 38 Misc 2d 11, 24). The wedding gifts here are the joint property of husband and wife and plaintiff is entitled to one half thereof or the value of her one-half share. (Napthali v. Napthali, 3 A D 2d 731; Coppola v. Coppola, 18 A D 2d 1004.)
Defendant’s claim of abandonment of the gifts by plaintiff cannot be sustained. This contention is inconsistent with defendant’s action in changing the lock on the apartment after plaintiff’s departure.
The other contentions raised by the defendant on this motion require no comment.
Plaintiff is entitled to summary judgment on either cause of action, except that in either choice, there must be a hearing with respect to the division and/or valuation of plaintiff’s share of the wedding gifts.
Accordingly, the motion is granted to the extent indicated.