■ TRIANGLE PACIFIC BUILDING PRODUCTS CORP., Respondent, v NA-TIONAL BANK OF NORTH AMERICA, Respondent, and JACQUELINE CARVELLI, Appellant.—In a turnover proceeding, the appeal is from (1) an order of the Supreme Court, Suffolk County, dated October 28, 1977, which granted petitioner's motion for a turnover order, and (2) a further order of the same court, dated November 28, 1977, as amended December 8, 1977, which denied appellant's motion (a) for reargument and (b) to be made a party to the proceeding. Appeal from so much of the order of November 28, 1977, as amended December 8, 1977, as denied the branch of appellant's motion which sought reargument dismissed. No appeal lies from the denial of a motion for reargument. Order dated October 28, 1977 reversed, and order dated November 28, 1977, as amended December 8, 1977, otherwise reversed, the branch of appellant's motion which sought leave to intervene is granted, and the proceeding is remanded to Special Term for a hearing and determination of the various interests in the joint bank account and for further proceedings not inconsistent herewith. Appellant is awarded one bill of $50 costs and disbursements, payable by petitioner-respondent, to cover both appeals. Although appellant was not named in this special proceeding, we hold that she was "aggrieved" by the orders of the trial court and, accordingly, has standing to pursue this appeal (see CPLR 5511; see, also, *Hobart v Hobart*, 86 NY 636, 637; *People v Dobbs Ferry Med. Pavillion*, 40 AD2d 324; *Ryder v Cue Car Rental*, 32 AD2d 143). Appellant's clear interest in the joint account is not disputed on this appeal. She is, minimally, the presumptive owner of one half of the account proceeds, or "moiety" (see Banking Law, § 675; *Matter of Kleinberg v Heller*, 38 NY2d 836, 838, [Fuchsberg, J., concurring]). On the basis of the statutory presumption and the allegations of the parties, we find that a bona fide question of fact exists as to the ownership of the joint account. Accordingly, a turnover order which will consume the entire account, including appellant's funds, neces-sarily renders her an aggrieved person. Since appellant's property rights are to be substantially affected by the court's determination, she has standing to participate in the proceedings leading to that determination. Because owner-ship of the joint account is in dispute, a hearing to determine the adverse interests therein prior to issuance of a turnover order is required. CPLR 5225 (subd [b]), which provides for use of a special proceeding, must be read *in pari materia* with CPLR 409 (subd [b]) and CPLR 410. Those sections mandate a trial of issues of fact which cannot be disposed of by summary determination upon the pleadings. Additionally, Special Term abused its discretion in denying appellant's application to intervene in the proceeding

and thereby determine her adverse interest in the property (see CPLR 5225, subd [b]; CPLR 5239; *First Small Business Inv. Corp. v Zaretsky,* 46 Misc 2d 328, 330, revd on other grounds 28 AD2d 874; see, also, *Cirlin v Riverbay Corp.,* NYLJ Feb. 9, 1976, p 9, col 3). Latham, J. P., Gulotta, Margett and Hawkins, JJ., concur.