■    JAMES TALCOTT, INC., Respondent, v BEATON BUILDERS, INC., et al., Defendants, and MARINE MIDLAND REALTY CREDIT CORPORATION et al., Appellants.—Appeals from an order of the Supreme Court at Special Term, entered March 22, 1979 in Ulster County, which denied a motion by defendant Marine Midland Realty Credit Corporation for summary judgment against plaintiff. On June 16, 1970, defendant Beaton Builders, Inc. (Beaton), a housing developer, leased for a proposed development 61 acres of land in the Town of Esopus, Ulster County, from defendant Esopus Airport, Inc. (Airport), and thereafter, on November 7, 1973, plaintiff James Talcott, Inc., loaned Beaton $350,000 secured by a mortgage on all 61 acres. Prior to this loan, the Airport and Beaton had contracted, on September 23, 1973 in an agreement which was not recorded, that the Airport would subordinate its interest in the leased property to a lender and transfer fee ownership of a parcel consisting of .476 acre of the property to defendant Town of Esopus for the construction of a water tower to serve Beaton's development. It subsequently transpired, in accordance with this unrecorded agreement, that on June 10, 1974 the Airport and Beaton conveyed their respective interests in the .476 acre to the Town, and a water tower was constructed on the site. When Beaton's development of the property later failed and Beaton did not comply with the terms of its mortgage, plaintiff commenced the instant foreclosure action in June of 1977 and at Special Term was granted a summary judgment of foreclosure with respect to all of the property still covered by the mortgage, with the exception of the .476 acre which had been conveyed to the Town. As for this latter parcel, both the motion of defendant Marine Midland Realty Credit Corporation (Marine) for summary judgment prohibiting foreclosure thereon and plaintiff's cross motion for a summary judgment of foreclosure were denied, and Marine and the Town of Esopus now appeal. We hold that the order of Special Term should be affirmed and, in so ruling, we would initially note that this appeal is properly before us even if we concede, *arguendo*, that, as asserted by plaintiff, Marine cannot properly bring the appeal because it has no interest in the subject matter thereof. Surely, the Town of Esopus would be aggrieved by an order of foreclosure on its water tower site, and, accordingly, it may pursue the appeal (CPLR 5511; *Triangle Pacific Bldg. Prods. Corp. v National Bank of North Amer.*, 62 AD2d 1017). Since factual issues are presented as to the nature and extent of plaintiff's knowledge of the earlier unrecorded agreement at the time the mortgage was executed, the court correctly denied the motions for the drastic remedy of summary judgment as to the water tower site *(Andre v Pomeroy,* 35 NY2d 361). Order affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.

■    KHATOUN DER BEDROSIAN et al., Respondents, v CITY OF COHOES et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered March 9, 1979 in Albany County, which granted a motion to strike defendants' answer and render judgment by default to the plaintiffs unless the defendants produce, for inspection within 20 days, a copy of the defendant police officer's personnel file and other related material. Appeal dismissed as moot, with costs to respondents. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.