■ In the Matter of GEORGIA ZAGOREOS, Respondent, v GEORGE ZAGOREOS, Respondent, and ANTHONY ZAGOREOS, Appellant. — In a support proceeding, in which petitioner moved pursuant to section 429 of the Family Court Act to sequester funds deposited in a joint bank account, the appeal is from so much of an order of the Family Court, Dutchess County, dated July 14, 1980, as, after a hearing, granted the motion. Order reversed insofar as appealed from, on the law, without costs or disbursements, and matter remitted to the Family Court for further proceedings consistent herewith. Pending the further proceedings, the parties are enjoined from disposing of the account, except that $25 weekly shall be paid out of the account by the Poughkeepsie Savings Bank to the Support Collection unit of the Dutchess

County Department of Social Services. Preliminarily we note that appellant, Anthony Zagoreos, as a joint tenant and presumptive half owner of the funds deposited in the joint bank account, was aggrieved by the order of the Family Court which sequestered the funds and held them to be exclusively the property of petitioner's husband, the other joint tenant. Accordingly, appellant has standing to appeal from the order (see CPLR 5511; *Triangle Pacific Bldg. Prods. Corp. v National Bank of North Amer.,* 62 AD2d 1017). The law is well settled that upon the creation of a joint account, the joint tenants are presumptive one-half owners of the funds deposited therein (Banking Law, § 675; *Matter of Giammarino v Berger,* 55 AD2d 899). The presumption is effective upon creation of the account and the burden is upon the party challenging it to rebut the presumption *(Matter of Giammarino v Berger, supra,* pp 900-901; *Marrow v Moskowitz,* 255 NY 219, 221-222). The only evidence adduced by petitioner to rebut this presumption was testimony concerning declarations made by her husband, George Zagoreos, to the effect that the money was exclusively his. These statements were hearsay and were improperly admitted over objection. When these statements are excluded there remains no evidence to rebut the presumption that the money was joint property and the order, insofar as it granted the order of sequestration, must be reversed. Since the erroneous rulings of the Family Court may have misled the petitioner into believing that she had submitted competent evidence to rebut the presumption, the motion for an order of sequestration should not be denied and the matter is remanded to the Family Court to allow petitioner to produce competent evidence, if such exists, in support of her contention. In the event petitioner is unable to overcome the presumption and prevail, the motion should be denied and appellant declared one-half owner of the funds in the disputed joint account plus one half of any sums paid out of said joint account in accordance with the sequestration orders of November 14, 1979 and July 14, 1980. Should the Family Court find that the appellant is the one-half owner, it shall make the necessary arithmetical computations. Damiani, J.P., Lazer, Gibbons and Cohalan, JJ., concur.