*695 OPINION OF THE COURT
Memorandum.
Petitioner Citibank (South Dakota), N.A. sought to enforce a money judgment in the sum of $4,132.36 against Erigid M. Wolny. A special proceeding was commenced against Island Federal Credit Union, where the judgment debtor maintains various joint accounts, by service of a notice of petition and petition. While the judgment debtor received notice of the proceeding, the joint account owners were not named as parties to the action. The court below denied the application for a turnover order and dismissed the petition on the ground that the other joint account owners were necessary parties to the proceeding.
When a judgment creditor of one among two or more joint owners of a bank account attempts to acquire the funds in a joint account, there arises an issue as to what portion of the account, if any, should be subject to the enforcement proceeding brought by the judgment creditor.
CPLR 5227 and 5225 are essentially interchangeable (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5227:3, at 305) and require the judgment debtor to be served with notice of the proceeding in the same manner as a summons is served, or by registered or certified mail, return receipt requested. Said sections do not provide for the joinder of other joint account owners. However, where the rights of an individual “might be inequitably affected by a judgment” in an action, that person should be joined as a party (CPLR 1001 [a]). “A determination as to whether parties are so ‘indispensable’ that in their absence a matter should not proceed is limited to those cases where the determination will adversely affect the rights of nonparties” (Matter of Llana v Town of Pittstown, 245 AD2d 968, 968-969). A joint account owner who is not named in a turnover proceeding is an “aggrieved person” since his or her property rights in the joint account would be substantially affected by a court’s determination to turn over funds in the account to the judgment creditor (Triangle Pac. Bldg. Prods. Corp. v National Bank of N. Am., 62 AD2d 1017). There is no question that the rights of the joint owners in the instant case will be adversely affected by a judgment directing the turnover of funds in the joint accounts (see, Bergdorf Goodman, Inc. v Marine Midland Bank, 97 Misc 2d 311). Accordingly, the proceeding was properly dismissed without prejudice (CPLR 1003).
*696 Petitioner’s remaining contention is without merit.
Floyd, P.J., Doyle and Winick, JJ., concur.