In the Matter of CADLE COMPANY, Respondent, v KOUROS SATRAP et al., Appellants. [754 NYS2d 354] —In a turnover proceeding pursuant to CPLR 5225, Kouros Satrap and Foroozandeh Satrap appeal from a judgment of the Supreme Court, Nassau County (Warshawsky, J.), entered August 8, 2002, which granted the petition and directed them to turn over a certain 1998 Volvo automobile to the Sheriff of Nassau County to be sold to partially satisfy a judgment of the Superior Court of DeKalb County of the State of Georgia entered against Kouros Satrap.

Ordered that the judgment of the Supreme Court, Nassau County, is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine Foroozandeh Satrap's interest in the subject automobile.

The appellants, Kouros Satrap and Foroozandeh Satrap, are husband and wife, and own a 1998 Volvo automobile. The petitioner commenced this proceeding against the appellants seeking to compel them to turn over the subject automobile to partially satisfy a judgment of the Superior Court of DeKalb County of the State of Georgia entered solely against the husband. In opposition to the petition, the appellant wife averred that she paid for the vehicle herself, and included her husband's name on the title as a matter of convenience to avoid complications upon the death of either party. The wife further requested that the court conduct a hearing to determine the extent of each spouse's interest in the vehicle before ordering its sale. However, without conducting such a hearing, the court granted the petition in its entirety, and directed that the appellants' vehicle be sold to partially satisfy the judgment against the husband.

The appellants contend that the Supreme Court improperly directed them to turn over the Volvo automobile for sale without first conducting a hearing to determine the wife's interest in the vehicle. We agree. The appellant husband is

presumptively an owner of the automobile because his name is listed on the title (*see* Vehicle and Traffic Law §§ 128, 2101), and because it was acquired during the marriage (*see* Domestic Relations Law § 236 [B] [1] [c]; [3]). However, the affidavit which the wife submitted in opposition to the petition raised issues of fact as to whether joint ownership was intended, and whether there was an agreement that the vehicle be the wife's separate property. Furthermore, even if the wife fails to prove her claim of sole ownership, she still retains a one-half interest in the vehicle, which is a form of personal property (*see Sloan v Starbare II Partners, L.P.,* 256 AD2d 104). Under these circumstances, the court should have conducted a hearing to determine the wife's interest in the vehicle before deciding that it should be turned over (*see* CPLR 409 [b]; 410; *Triangle Pac. Bldg. Prods. Corp. v National Bank of N. Am.,* 62 AD2d 1017). Krausman, J.P., Friedmann, Mastro and Rivera, JJ., concur.