*391 OPINION OF THE COURT
Andrew M. Engel, J.
On October 27, 2005 a judgment was entered in the plaintiffs favor against the above named defendants in the sum of $3,840.88. According to the plaintiff, the sum of $4,561.36, inclusive of accrued interest, remains outstanding.
The plaintiff presently moves, without opposition, for an order, pursuant to CPLR 5225 (a), directing the defendant, Miriam R. Celis, to pay over to the plaintiff the sum of $4,561.36 in her possession, or deliver to the Sheriff of New York County a 2000 Mercedes Benz S430 which is alleged to be in the possession of said defendant. In support of this application the plaintiff submits the affidavit of Carl Fon, the plaintiffs assistant secretary and the affirmation of plaintiffs counsel.
Mr. Fon alleges, in pertinent part, “That [he is] advised and verily believe[s] that MIRIAM CELIS it the owner of the property identified in the affirmation of [plaintiffs counsel] . . . which property is eligible to be used to apply towards satisfying the outstanding judgment.” (Fon affidavit, Nov. 20, 2007, ¶ 3.) Mr. Fon clearly has no personal knowledge of the truth of these purported facts and provides no evidence to support his conclusory statements.
Counsel’s accompanying affirmation alleges that in preparing to make this motion she obtained information from a Web site identified as “ACCURINT.COM” concerning any automobiles which may be owned by the defendant, Miriam Celis. Counsel advises that this “website retrieves data from various public and non-public data sources, [including], the records of the New York State Department of Motor Vehicles.” (Cameron-Harry affirmation, Nov. 20, 2007, ¶ 7.) Counsel avers that a review of the report obtained, which the plaintiff submits to the court, identifies the defendant, Miriam Celis, as the owner of a 2000 Mercedes Benz S430 and that her search failed to reveal the existence of any lienors. Counsel concludes that “there appears to affiant no reason why the vehicle identified herein cannot be delivered to the sheriff as requested herein.” (Cameron-Harry affirmation, Nov. 20, 2007, ¶ 11.)
CPLR 5225 (a), under which the plaintiff moves, provides: “Upon motion of the judgment creditor, upon notice to the judgment debtor, where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has *392 an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff. Notice of the motion shall be served on the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested.”
This subdivision makes clear that it addresses turnover proceedings directed at money or personal property owned by the judgment debtor and in the judgment debtor’s possession or custody. (See Alliance Bond Fund, Inc. v Grupo Mexicano De Desarrollo, S.A., 190 F3d 16 [2d Cir 1999].) The court will not “compel the judgment debtor to deliver property that has not clearly been shown to be in the judgment debtor’s possession or control.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5225:l, at 261.) Professor Siegel has suggested, and this court agrees, that, to succeed on this motion, “the judgment creditor must approach it armed with a convincing array of evidence.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5225:l, at 261.) This the plaintiff has not done.
As helpful as Web sites, such as Accurint.com, may be to plaintiff as an investigative tool, copies of reports printed from such sites are of no evidentiary value. As counsel herself advises, the information reported by this Web site is obtained from “various public and non-public data sources.” (Cameron-Harry affirmation, Nov. 20, 2007, ¶ 7.) Similarly, the Accurint report itself, although bearing an official looking seal and containing a heading, “State of New York Motor Vehicle Report,” states, “Not all of the information contained in this report is derived from governmental agencies. Some information may have been enhanced by additional sources.” None of these other public or private sources are identified, and no information is provided concerning their reliability or accuracy.
Moreover, even if one were to accept the Accurint report as reliable, the information contained therein is not consistent with the plaintiffs representations and cannot support this application. According to this report, title to the vehicle in question was taken in February 4, 2000 by the defendant, Miriam R. Celis, or Agustín Celis; and Mercedes Benz Credit Corporation *393 is clearly identified as a lienholder. Additionally, this report indicates that the vehicle had thereafter been registered to one Damasa Morales, with license plate number BGC9886, and was thereafter registered to defendant, Nabil A. Sheriteh, with license plate number DRH8370. Nowhere does this report, or the plaintiff for that matter, allege whether the vehicle is currently in the possession or control of the defendant, Miriam R. Celis, the defendant, Nabil A. Sheriteh, Damasa Morales, Agustín Celis, or some other unidentified individual. Having failed to establish that the defendant, Miriam R. Celis, “is in possession or custody” (CPLR 5225 [a]) of the vehicle in question or “has the ability to produce the asset” (Alliance Bond Fund, Inc. v Grupo Mexicano De Desarrollo, S.A., 190 F3d at 21), this motion must be denied.
The court further notes that the report upon which the plaintiff relies identifies the defendant Miriam R. Celis’ address as 481 Woodfield Road, West Hempstead, New York 11552, while service of this motion, and of the underlying summons and complaint, were allegedly made at 1447 N. Jerusalem Road, East Meadow, New York 11554. This may explain the failure of the defendant, Miriam R. Celis, to appear in either proceeding.
In addition to the aforesaid failure of proof, if the Accurint report is reliable, the plaintiff has failed to provide necessary parties with notice of this proceeding and may have used the wrong procedure in seeking the turnover of the 2000 Mercedes Benz S430 to the sheriff. At the very least, Agustín Cells is listed as a titleholder, and therefore is an owner of the vehicle. (Vehicle and Traffic Law §§ 128, 2101; Them-Tuck Chung v Pinto, 26 AD3d 428 [2d Dept 2006].) As a joint owner of the vehicle, although not named in the proceeding, Agustín Celis “is an ‘aggrieved person’ since his . . . property rights in the [vehicle] would be substantially affected by a court’s determination to turn over [the vehicle] to the judgment creditor” (Citibank [S.D.] v Island Fed. Credit Union, 190 Misc 2d 694, 695 [App Term, 2d & 11th Jud Dists 2001] [citation omitted]). He must be given the opportunity to be heard. (See Matter of Cadle Co. v Satrap, 302 AD2d 381 [2d Dept 2003].)
Additionally, based upon the only “evidence” produced on this motion, there are at least three individuals other than the defendant Miriam R. Celis who may be in possession of the vehicle: Nabil A. Sheriteh, Damasa Morales and Agustín Celis. If *394 any one of them are in possession of this vehicle, the plaintiff “must follow the procedure set forth in [CPLR] 5225 (b), which requires that the creditor ‘commence an action against the person in possession,’ Alliance Bond Fund, Inc., 190 F3d at 21, instead of merely filing a motion in the original action.” (Runaway Dev. Group v Pentagen Tech. Intl. Ltd., 396 F Supp 2d 471, 473 [SD NY 2005].)
Accordingly, the plaintiffs motion is denied.