■ 270 NORTH BROADWAY TENANTS CORP., Respondent, v ROUND OAKS PROPERTIES, LLC, et al., Defendants, and FRANCO MILIO, Doing Business as MILIO MANAGEMENT, Appellant. [985 NYS2d 123]—

In an action pursuant to RPAPL article 15, inter alia, for a judgment declaring that the plaintiff is the owner of certain real property by adverse possession, the defendant Franco Milio, doing business as Milio Management, appeals (1) from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered June 1, 2012, which granted the plaintiff's motion for summary judgment declaring that the plaintiff is the owner of the subject real property by adverse possession, and (2) from stated portions of a judgment of the same court dated July 16,

2012, which, upon the order, inter alia, declared that the plaintiff is the owner of the subject real property by adverse possession and enjoined the defendant from trespassing on the subject real property.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from so much of the judgment as declared that the plaintiff is the owner of the subject property by adverse possession is dismissed, as the appellant is not aggrieved thereby (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]).

The plaintiff commenced this action pursuant to RPAPL article 15, seeking, among other things, a judgment declaring that it is the owner, by adverse possession, of a specified part of a parking lot (hereinafter the subject property) in Yonkers. The plaintiff was the owner of a parcel of real property that adjoined the subject property, and it alleged that it had satisfied all of the elements of adverse possession with respect to the subject property for the applicable statutory period. The complaint named three defendants. The first was Round Oaks Properties, LLC (hereinafter Round Oaks), which was the record owner of a parcel of real property, including the subject property, that adjoined the plaintiff's property. The second was Franco Milio, doing business as Milio Management (hereinafter Milio), who was the managing agent of Round Oaks's property. The third was Federal Home Loan Mortgage Corporation, which held a mortgage on Round Oaks's property. After discovery was completed, the plaintiff moved for summary judgment, and Round Oaks and Milio opposed the motion. The Supreme Court granted the motion, finding that the plaintiff established, prima facie, the requisite elements of adverse possession and that Round Oaks and Milio failed to raise a triable issue of fact in opposition. Subsequently, a judgment was entered upon the order, among other things, declaring the plaintiff's ownership, by adverse possession, of the subject property and enjoining all of the defendants from trespassing on the subject property. Only Milio appeals.

The appeal from so much of the judgment as declared that

the plaintiff is the owner of the subject property by adverse possession must be dismissed, because Milio is not aggrieved by that portion of the judgment. First, as managing agent for Round Oaks, Milio did not have a direct interest in the ownership of the subject property (*see State of New York v Philip Morris Inc.*, 61 AD3d 575, 578 [2009]; *see also Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]; *cf. Triangle Pac. Bldg. Prods. Corp. v National Bank of N. Am.*, 62 AD2d 1017, 1017 [1978]; *Tymon v Linoki*, 23 AD2d 663, 664 [1965], *mod on other grounds* 16 NY2d 293 [1965]). Second, Milio's contention that he is aggrieved because he has an ownership interest in Round Oaks is not supported by the record. In any event, his asserted status as a member of Round Oaks, a limited liability company, would not make him an aggrieved party with respect to the judgment against Round Oaks (*see Berrechid v Shahin*, 60 AD3d 884, 884 [2009]; *cf.* Limited Liability Company Law § 610; *Doin v Champlain Bluffs Dev. Corp.*, 97 AD3d 881, 883 [2012]; *Baron v Rocketboom, LLC*, 57 AD3d 269, 270 [2008]; *Katz v Katz*, 55 AD3d 680, 683-684 [2008]).

The only portion of the judgment by which Milio is aggrieved is that portion which enjoined him from trespassing on the subject property. Inasmuch as Round Oaks has not appealed, and that portion of the judgment which declared that the plaintiff, and not Round Oaks, is the owner of the subject property may not be disturbed, Milio has no basis for his argument that the portion of the judgment enjoining him from trespassing on the subject property should be reversed (*cf. Mixon v TBV, Inc.*, 76 AD3d at 157). Accordingly, we affirm that portion of the judgment. Mastro, J.P., Balkin, Sgroi and LaSalle, JJ., concur.