Valerie McGourty, Appellant, 
against
Sonja Lee Robinson, etc. and TD Bank, NA, Respondents.




Stephen P. Dewey, Esq., for appellant.
Sonja Lee Robinson and TD Bank, NA, respondents pro se (no brief filed).

Appeal from a decision of the City Court of Yonkers, Westchester County (Edward J. Gaffney, Jr., J.), dated June 17, 2016, deemed from a judgment of the same court entered June 17, 2016 (see CPLR 5512 [a]). The judgment dismissed a petition in a turnover proceeding pursuant to CPLR article 52 and lifted the restraint upon a bank account located at respondent TD Bank, NA.




ORDERED that so much of the appeal as is from the portion of the judgment that lifted the restraint upon a bank account located at respondent TD Bank, NA is dismissed as moot; and it is further,
ORDERED that the judgment, insofar as reviewed, is affirmed, without costs.
On November 16, 2010, petitioner obtained a money judgment in the sum of $5,480 against Sonjalee Robinson, sued herein as Sonja Lee Robinson. Pursuant to an information subpoena and restraining notice, petitioner learned that there was a joint account at TD Bank, NA (TD) which was owned by Robinson and Tyrone Jenkins. On May 5, 2016, petitioner commenced this special proceeding against TD seeking the turnover by TD of sufficient funds from the joint account to satisfy the judgment. While the notice of petition and petition were served upon TD and Robinson, Jenkins was not named as a party to the proceeding and there is no indication that he was served with the notice of petition and petition. In a decision dated June 17, 2016, the City Court denied the petition, finding that service upon TD and Robinson was insufficient and that Jenkins was a necessary party to the proceeding. The court also vacated the restraint on the TD account at issue. A judgment was subsequently entered in accordance with the decision.
Personal service of the notice of petition and petition upon TD at its branch located in [*2]Ossining, New York, and upon Robinson, by certified mail, return receipt requested, was sufficient to obtain jurisdiction over TD (see CPLR 311 [a]; 403 [c]) and to provide Robinson with the statutorily required notice (see CPLR 5225 [b]; 5227). As Jenkins' right to the money contained within the joint account will be adversely affected by a judgment directing the turnover of funds in the joint account, he is an aggrieved person, and, as such, he was a necessary party to the proceeding (see Citibank [S.D.] v Island Fed. Credit Union, 190 Misc 2d 694, 695 [App Term, 2d Dept, 9th & 10th Jud Dists 2001]). As he was not made a party, the petition was properly dismissed, which dismissal is without prejudice (see CPLR 1003).
Pursuant to CPLR 5222 (b), the restraining notice was valid for one year or until such time as the judgment was satisfied. As it has been more than a year since the restraining notice was served upon TD, the restraining notice expired. Thus, so much of the appeal as is from the portion of the judgment that lifted the restraint upon a bank account located at respondent TD of which respondent Sonja Lee Robinson was one of two joint owners is dismissed as moot.
Accordingly, the judgment, insofar as reviewed, is affirmed.
BRANDS, J.P., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 27, 2017