Arthur M. Cromarty, J.
Motion to set aside sale of real property is denied.
On November 10, 1961 petitioner and her husband acquired title to the property in question. On November 23, 1966, petitioner’s husband conveyed his interest to her by quitclaim deed. Prior to that conveyance, on February 8, 1966 a judgment was entered against the husband by Sunrise Mason Supply Co. The judgment was assigned to one Sidney Feldman on December 7, 1967. On September 19,1968 the property was sold at a sheriff’s sale to respondent Berlin.
The conveyance to petitioner could not affect the rights of judgment creditors whose judgments were docketed prior to the transfer (CPLR 5203). The moving affidavit acknowledges that *495 the Sunrise Mason Supply Co. judgment was docketed prior to the transfer. Therefore, the sale of the judgment debtor’s interest in the premises was proper, but all that was transferred in that sale was the interest of the debtor (CPLR 5236) and the wife’s right of survivorship remains. However, the burden on that right is such (Matter of Berlin v. Herbert, 48 Misc 2d 393) that the wife has a sufficient interest to maintain this proceeding under CPLR 5239. Petitioner’s difficulty is that the proceeding is untimely. Under CPLR 5239 the proceeding must be instituted prior to the application of the property to the satisfaction of the judgment. That means that it must he commenced when the property is still under the control of the Sheriff. (Lincoln Rochester Trust Co. v. Marasco Steel, 66 Misc 2d 295.) The property was sold over three and a half years ago. Petitioner is just too late even if, as counsel (not petitioner) claims, notice of the sale was defective (CPLR 2003; Bolla v. Blaugrund, 14 A D 2d 417).
Petitioner’s motion to add a party respondent is granted. That party appeared voluntarily. The judgment to be entered hereon will amend the caption to include the added respondent.