■ RUSSO REALTY CORP., Appellant, v LOUISE WILBERT, Also Known as LOUISE LICARI, Respondent. — In a real property partition action, plaintiff appeals from an order of the Supreme Court, Suffolk County (De Luca, J.), dated February 17, 1983, which denied its unopposed motion for summary judgment. Order reversed, on the law, with costs, motion granted, and matter remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith. Special Term erred in refusing to consider the affirmation in support of plaintiff's motion which was prepared by plaintiff's attorney who had personal knowledge of the facts, and which was based on documentary evidence (see, e.g., *Comptroller of State of N. Y. v Gards Realty Corp.*, 68 AD2d 186; *Getlan v Hofstra Univ.*, 41 AD2d 830, mot for lv to app dsmd 33 NY2d 646). Defendant did not timely oppose the motion. The undisputed facts set forth by plaintiff warrant the directing of judgment in plaintiff's favor as a matter of law. Defendant's counterclaim for plaintiff's share of the costs, expenses, taxes and charges on the property is a proper subject matter for determination by Special Term and is not a defense to the plaintiff's action. Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.

■ JAMES SLOVEN et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendants. — Order of the Supreme Court, Kings County, dated November 22, 1982, affirmed, with one bill of costs, for reasons stated in the memorandum of Justice Lawrence. Mollen, P. J., Weinstein, Brown and Boyers, JJ., concur.

■ IRVING TEPLITSKY, Petitioner, v DEPARTMENT OF ENVIRONMENTAL CONSERVATION OF THE STATE OF NEW YORK et al., Respondents. — Proceeding pursuant to CPLR article 78, to review a determination of the respondents, dated November 13, 1981, which, after a hearing, denied petitioner's request to have his property removed from a mapping of tidal wetlands in which it was designated "FC" (formerly connected to tidal wetlands). Proceeding dismissed as academic, without costs or disbursements. Subsequent to the date of the determination in issue, the City of New York presented a petition for the taking by condemnation of the property in question. By order of the Supreme Court, Queens County (Kassoff, J.), dated October 17, 1983, the petition was granted and title to the property was vested in the City of New York. Accordingly, the instant proceeding to review the determination of the respondents must be dismissed as academic, and we need not pass upon the issues raised therein. O'Connor, J. P., Weinstein, Bracken and Niehoff, JJ., concur.

■ CAROL VERSACE, Respondent, v DOMINICK VERSACE, Appellant. — Order of the Supreme Court, Nassau County, entered August 24, 1982, affirmed, with costs, for reasons set forth in the opinion of Justice Harwood at Special Term. We note that a stipulation as to defendant's visitation rights was entered into before the same court (Balletta, J.) on June 23, 1983. Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.