■ QUENTIN BUFOGLE, Individually and as Administrator of the Estate of LILLIAN BUFOGLE, Also Known as LILLIAN YOURON, Deceased, Respondent, v JOAN GREEK, Appellant.—In an action, *inter alia,* for an accounting, the defendant appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Le-Vine, J.), dated January 20, 1988, as, after a nonjury trial,

dismissed her counterclaim for the partition and sale of a parcel of real property owned by the parties.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the defendant is awarded judgment on her counterclaim for the partition and sale of the premises, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The record reveals that the plaintiff's decedent and the defendant agreed to purchase a certain parcel of real property situated in Queens County. They took title to the premises as tenants in common on August 25, 1978. Thereafter, due to the defendant's alleged nonpayment of her share of the purchase price and maintenance costs of the property, the plaintiff commenced this action against the defendant for an accounting and to recover one half of the expenditures related to the ownership and upkeep of the subject premises. The defendant counterclaimed for the partition and sale of the realty. After a nonjury trial, the court determined the matter appealed from in the plaintiff's favor in the principal amount of $20,353.35 and dismissed the defendant's counterclaim for partition and sale. We now reverse so much of the order and judgment as dismissed the counterclaim, and award judgment in favor of the defendant on that claim.

It is well settled that, as a general principle, one who holds an interest in real property as a tenant in common may seek physical partition of the property, or, a partition and sale thereof unless it appears that physical partition alone would greatly prejudice the owners of the premises (see, RPAPL 901 [1]; Luvera v Luvera, 119 AD2d 810; Andriano v Caronia, 117 AD2d 640; Rokeach v Zaltz, 112 AD2d 209). While partition is not an absolute right and may be precluded by the equities presented in a given case (see, Barol v Barol, 95 AD2d 942; Ripp v Ripp, 38 AD2d 65, affd 32 NY2d 755), we find unpersuasive the plaintiff's contention that the equities involved herein bar the defendant's counterclaim for partition and sale. Indeed, while the evidence supports the plaintiff's assertion that the defendant failed to contribute toward the purchase and maintenance expenses of the premises, this failure to contribute does not constitute a valid defense to the defendant's counterclaim under the circumstances presented (see, e.g., Russo Realty Corp. v Wilbert, 98 AD2d 745). Accordingly, the defendant is entitled to the remedy of partition and sale, and we remit the matter to the Supreme Court for that purpose.

In view of the foregoing, we do not address the defendant's claim that the plaintiff failed to properly serve a reply to her counterclaim. Moreover, we do not consider the plaintiff's contention that the defendant failed to join all necessary parties on her counterclaim, as this argument was not advanced at the trial level (see, Modica v Zergebel, 140 AD2d 414; Orellano v Samples Tire Equip. & Supply Corp., 110 AD2d 757). Mollen, P. J., Spatt, Sullivan and Rosenblatt, JJ., concur.