GREENHOUSE REALTY, INC., Appellant, v MERIEL J. ST. GEORGE, Also Known as MERIEL J. ASHPLANT, Respondent.

Third Department, October 19, 1989

■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■

## APPEARANCES OF COUNSEL

*Hiscock & Barclay (Richard L. Weisz* and *Deborah L. Kelly* of counsel), for appellant.

*DeGraff, Foy, Conway, Holt-Harris & Mealey (Carol A. Hyde* and *Carroll J. Mealey* of counsel), for respondent.

## OPINION OF THE COURT

LEVINE, J.

Defendant married William Ashplant in 1976 in Bermuda. Ashplant has dual citizenship in the United States and Canada and is a permanent resident of Bermuda. Defendant is a citizen of the United Kingdom and a resident of both Canada and the Bahamas. In 1981, defendant and Ashplant purchased real property located in the City of Saratoga Springs, Saratoga County, which was conveyed to them as tenants by the entirety.

In November 1982, plaintiff obtained a judgment against Ashplant in Supreme Court, Albany County, in the amount of $302,389. The judgment was docketed in the Saratoga County Clerk's office on November 23, 1982. In June 1983, Ashplant and defendant executed a deed conveying title to the Saratoga property solely to defendant, apparently for no consideration. Thereafter, defendant commenced an action in Supreme Court, Saratoga County, for reformation of the 1981 deed by which she and Ashplant first received title, seeking to delete Ashplant's name therefrom and to declare that plaintiff had no interest in the property. Following a bench trial, Supreme Court dismissed the action on the merits with prejudice.

In September 1984, defendant filed for divorce from Ashplant in the Supreme Court of the Bahamas. Although Ashplant was personally served with a copy of the divorce petition in Toronto, Canada, he failed to answer or otherwise appear in the proceeding. Defendant obtained a final divorce decree in August 1985.

Plaintiff thereafter commenced the instant action pursuant to RPAPL article 15 to compel a judicial determination of its rights as a judgment creditor of Ashplant regarding the

Saratoga realty, and for an order declaring that plaintiff has a valid judgment lien on a one-half interest in the property. In its pleadings, plaintiff asserts that Ashplant's purported conveyance of his interest in the property to defendant was ineffective to defeat plaintiff's lien. Plaintiff further claims that the divorce obtained by defendant transformed the tenancy by the entirety into a tenancy in common.

In her answer, defendant asserted five affirmative defenses. Defendant then moved for partial summary judgment on the fourth affirmative defense, which asserts that the ex parte foreign divorce between defendant and Ashplant did not sever the tenancy by the entirety so as to make the Saratoga property accessible to creditors. Plaintiff cross-moved for judgment dismissing the affirmative defenses and for summary judgment in its favor. In support of its motion, plaintiff contended that defendant should be estopped from claiming that the divorce she obtained was ineffective to alter her property rights.

Supreme Court granted defendant summary judgment on her fourth affirmative defense and also granted plaintiff's motion to dismiss the remaining affirmative defenses, but denied plaintiff's motion for summary judgment. This appeal by plaintiff ensued.

■ The first issue presented in this appeal is the effect of Ashplant's purported transfer of his interest in the Saratoga realty to defendant in 1983. Plaintiff correctly contends that this conveyance did not affect its preexisting judgment lien on this property (CPLR 5203 [a]; *see, Hohenrath v Wallach,* 37 AD2d 248, 249-250, *appeal dismissed* 30 NY2d 674; 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5203.16) and the interest acquired by defendant was subject to that lien.*

Turning to the main point in contention, plaintiff argues that as a result of the Bahamian divorce obtained by defendant, the tenancy by the entirety that defendant shared with her husband was transformed into a tenancy in common with respect to the Saratoga property. In addition, plaintiff contends that Supreme Court erred in determining that defendant should not be estopped from claiming that her property rights in the Saratoga realty remained unaffected by the ex parte foreign divorce she obtained.

---

* Although the record lacks documentary proof that plaintiff's judgment was properly docketed in the Saratoga County Clerk's office on November 23, 1982, this fact is not disputed by the parties.

Defendant, on the other hand, argues that a foreign divorce decree obtained in the absence of personal jurisdiction over the defendant will only dissolve the marital status of the parties and will not affect their property rights *(see, Vanderbilt v Vanderbilt,* 1 NY2d 342, *affd* 354 US 416; *Anello v Anello,* 22 AD2d 694; 24 NY Jur 2d, Cotenancy and Partition, § 57, at 313). In countering plaintiff's estoppel argument, defendant contends that she has not taken an inconsistent position upon which an estoppel can be premised as she does not dispute that the Bahamian divorce terminated her marital status and her challenge is limited to the effect of that decree on her and her former spouse's property rights, an issue which she did not attempt to resolve in the divorce proceeding.

The doctrine of "divisible divorce" upon which defendant relies makes a divorce decree divisible so as to permit recognition of the foreign decree insofar as a change in the parties' marital status is concerned, without changing the parties' economic and property rights, where the court which granted the divorce lacked in personam jurisdiction over one spouse *(see,* 19 Carmody-Wait 2d, NY Prac § 114:182, at 277-278). This doctrine was intended to protect the nonappearing spouse from having his or her property rights divested as a result of an ex parte foreign divorce *(see, id.,* § 114:178, at 269; 3 Foster, Freed and Brandes, Law and the Family New York § 6:2, at 244-245 [2d ed]). Here, by contrast, because defendant is the party who procured the ex parte foreign decree, she should not now be permitted to have her divorce disregarded in this State so that she may continue to claim the advantage of a tenancy by the entirety in the Saratoga property *(see, Knight v Knight,* 31 AD2d 267, *affd* 25 NY2d 957; *see also, De Marco v De Marco,* 73 AD2d 28; *see generally,* Note, *Divorce by Estoppel in New York,* 34 NYU L Rev 754 [1959]; Note, *The Doctrine of Preclusion Against Inconsistent Positions in Judicial Proceedings,* 59 Harv L Rev 1132 [1946]). Thus, in our view, plaintiff is entitled to a declaration that a tenancy in common was created with respect to the Saratoga property as a result of defendant's divorce from Ashplant and that plaintiff has a judgment lien on a one-half interest in the property.

MAHONEY, P. J., CASEY, WEISS and MERCURE, JJ., concur.

Order modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendant's motion for partial summary judgment on her fourth affirmative defense and denied plaintiff's cross motion for summary judgment; plain-

tiff's cross motion for summary judgment granted, and it is declared that plaintiff has a judgment lien on a one-half interest in certain real property located at 649 North Broadway in the City of Saratoga Springs, Saratoga County; and, as so modified, affirmed.