■ CHARLES STRESSLER, Appellant, v THERESA STRESSLER, Respondent, et al., Defendants. [597 NYS2d 712] —In an action for the partition and sale of the parties' former marital residence, the plaintiff appeals from an order of the Supreme Court, Kings County (Deutsch, J.H.O.), dated March 27, 1991, which dismissed the action.

Ordered that the order is affirmed, with costs.

The equitable remedy of partition is not the absolute right of a cotenant in common (see, Ripp v Ripp, 38 AD2d 65, 68, affd 32 NY2d 755). This Court has specifically recognized that with respect to a former marital residence, the "right to maintain an action for partition is subject to equitable considerations as between husband and wife" and, accordingly, partition may be precluded by the equities presented in a given case (see, Gasko v Del Ventura, 96 AD2d 896; see also, Bufogle v Greek, 152 AD2d 527). Since the parties' unemancipated son, who is under the age of 21 years, still resides in the subject residence, we conclude that at the present time the equities favor dismissal of the former husband's partition action (cf., Sherman v Sherman, 168 AD2d 550, 551). Miller, J. P., O'Brien, Copertino and Joy, JJ., concur.