■ In the Matter of RENE S. JONES, Appellant, v KEITH KNOWLTON, as Sheriff of the County of St. Lawrence, Respondent. [606 NYS2d 355] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered April 22, 1992 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to sell property pursuant to an execution.

A judgment, in the amount of $5,925, in favor of petitioner and against Robert Sessions, was docketed in the office of the St. Lawrence County Clerk in 1987. On August 16, 1991, petitioner delivered to respondent an execution identifying the judgment and three properties allegedly owned by Sessions, which petitioner sought to have sold pursuant to CPLR 5236, an abstract of title for one of the three, dated June 11, 1991, and a check for $200. Two days prior to the advertised sale date, respondent canceled the sale, allegedly because the abstract was not up to date, and because none of the properties were held solely in Sessions' name.

Petitioner thereafter commenced this CPLR article 78 proceeding to compel respondent to sell the properties. Supreme Court denied the petition, observing that respondent has no duty to pursue an execution against property no longer in the debtor's name, and also that petitioner had not furnished respondent with a proper list of creditors as required by CPLR 5236 (c). Petitioner appeals.

The three parcels which petitioner seeks to have sold in satisfaction of her judgment were all at one time owned jointly by Sessions and his brother. The record reveals, however, that Sessions had conveyed his interest in the parcel of approximately 30 acres in size to his brother prior to the docketing of the judgment; petitioner's judgment therefore gives her no rights in that parcel. However, Sessions also had a one-half interest in a five-acre parcel and in another parcel comprising approximately 40 acres when the judgment was docketed; by virtue of the judgment, petitioner has a lien on Sessions' interest in each of those parcels. Inasmuch as Sessions apparently still owns a one-half interest in the five-acre parcel, petitioner may clearly proceed by execution and sale against that interest (see, CPLR 5236 [a]).

As for the 40-acre parcel, the record shows that on November 2, 1988, Sessions transferred his interest in this parcel to his brother, who thereafter conveyed the property to Darrell Shyne and Pamela Shyne. The former conveyance was, however, a nullity as against petitioner (see, CPLR 5203 [a]; *Greenhouse Realty v St. George,* 151 AD2d 7, 9), and petitioner was within her rights in electing to execute against Sessions' former one-half interest in this parcel directly, instead of proceeding via the Debtor and Creditor Law to set aside the conveyance as fraudulent (see, *Hillyer v LeRoy,* 179 NY 369, 376; 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5203.16). Although permitting the sale of property which is no longer in the debtor's name may appear to place an unreasonable burden on a Sheriff to determine whether a given conveyance is, in fact, void, it must be borne in mind that the only determination that need be made is whether the debtor held an interest in the property at the time the judgment was docketed. Furthermore, once a sale is advertised, any interested parties—such as the Shynes—may bring a proceeding under CPLR 5239 to have their claims to the property finally adjudicated.

Despite the foregoing, an affirmance is dictated because contrary to petitioner's contention, an abstract of title—relating to the parcel acquired by the Shynes—dated five months prior to the aborted sale does not satisfy the statutory requirement that the judgment creditor provide a Sheriff with a list of all creditors and lienholders as of "forty five days prior to the day fixed for the sale" (CPLR 5236 [c]). In sum, although petitioner was entitled to demand the sale of Sessions' interests in the two properties—the 5- and 40-acre parcels—Su-

preme Court was correct in denying the relief sought for petitioner did not comply with the mandates of CPLR 5236.

Mikoll, J. P., Crew III, White and Mahoney, JJ., concur. Ordered that the judgment is affirmed, without costs.