■ Russo Realty Corp., Appellant, v Ruby P. Katz, Also Known as Ruby Rosenfeld, et al., Respondents. [622 NYS2d 458] —In an action to partition real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated June 23, 1993, which denied its motion for summary judgment; for dismissal of the first, second, and fourth affirmative defenses and the first and second counterclaims; and for the appointment of a Referee.

Ordered that the order is modified by deleting the provisions thereof denying the branches of the plaintiff's motion which were for summary judgment and for dismissal of the first, second, and fourth affirmative defenses and the first counterclaim and substituting therefor provisions granting those branches of the plaintiff's motion; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the second counterclaim.

Upon our review of the record, we conclude that the plaintiff has established a prima facie showing of entitlement to partition of the premises in question. The defendant's first, second, and fourth affirmative defenses and first counterclaim fail to raise any material issues of fact to preclude summary judgment. The defendant's second counterclaim, which is for the reimbursement of certain payments that the defendant made with regard to the premises, is not a defense to a partition action, but it is a proper matter for determination by the Supreme Court (see, Russo Realty Corp. v Wilbert, 98 AD2d 745). Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.