■ Kesler Dalmacy, Appellant, v Yanick Joseph, Respondent. (Action No. 1.) Kesler Dalmacy, Appellant, v Ya-

NICK JOSEPH, Respondent. (Action No. 2.) [746 NYS2d 312]

The plaintiff established his entitlement to a partition of the subject property by submitting a copy of the deed to that property indicating that he was a tenant in common with the defendant and that he owned a 75% interest in it. The parties were never married to each other but have a daughter together. Contrary to the Supreme Court's conclusion, there are no issues of fact regarding the plaintiff's right to possession of the property, which is all that he needed to maintain the present partition action (*see* RPAPL 901 [1]; *DeRisi v Santoro,* 262 AD2d 270; *Piccirillo v Friedman,* 244 AD2d 469; *Ripp v Ripp,* 38 AD2d 65; *affd* 32 NY2d 755). The defendant's claim that there was an oral agreement at the time of the purchase of the subject property that she would be allowed to remain in the house until the parties' daughter graduated college, is barred by the statute of frauds (*see* General Obligations Law § 5-701, § 5-703; *Goldberg v Goldberg,* 173 AD2d 679). The defendant's claim of part performance is insufficient to take the oral contract out of the statute of frauds because the alleged partial performance does not unequivocally refer to the alleged oral contract (*see Vesta Indus. v Auto Am. of N.J.,* 280 AD2d 666).

Further, because the defendant sought to amend her answers to assert counterclaims alleging fraud based upon the alleged oral agreement, the Supreme Court erred in granting the cross motion to add patently meritless counterclaims (*cf. USA Nutritionals v Pharmalife, Inc.,* 293 AD2d 526). Florio, J.P., Feuerstein, Krausman and Crane, JJ., concur.