■ WINIFRED DUFFY, Respondent, v JEANETTE DUFFY, Also Known as JEANETTE R. DUFFY, Appellant. [801 NYS2d 607]—

In an action, inter alia, to partition real property, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated April 9, 2004, as, in effect, denied that branch of her motion which was to appoint a referee to ascertain and report the rights, shares, and interests of the parties in the subject premises.

Ordered that the order is reversed, insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for the entry of an interlocutory judgment providing for the sale of the subject premises.

The plaintiff is the widow and executrix of the estate of the decedent Ronald M. Duffy. The defendant is the decedent's former wife, who resides in the former marital residence pursuant to a 1978 judgment of divorce that provided for her right to exclusive use and occupancy of those premises. Since there is no dispute that the parties are tenants-in-common, each owning a one-half undivided interest in the property, and that the property "is so circumstanced that a partition thereof cannot be made without great prejudice to the owners," the plaintiff was entitled to the partition sale that she sought (RPAPL 915). The statute provides, however, that the sale must be authorized by an interlocutory judgment (see RPAPL 915), not an order. To the extent that the defendant may have legitimate claims for amounts due from the estate, her remedy is to assert any such claims as a creditor against the plaintiff's share of the proceeds of the sale. Florio, J.P., S. Miller, Santucci and Spolzino, JJ., concur.