■ Barbara Donlon, Also Known as Barbara T. Donlon, Respondent, v Gloria Diamico, Also Known as Gloria D'Amico, Appellant, et al., Defendant. [823 NYS2d 483]—

In an action for the partition and sale of real property and for an accounting, the defendant Gloria Diamico, also known as Gloria D'Amico, appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated May 4, 2004, which granted the plaintiff's motion, inter alia, for summary judgment directing that certain real property be partitioned and sold at public auction and denied her cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the facts and as a matter of discretion, by adding a decretal paragraph thereto directing that an accounting be made prior to the entry of an interlocutory judgment directing the sale of the subject premises; as so modified, the order is affirmed, with costs to the plaintiff.

"A person holding and in possession of real property as joint tenant or tenant in common, in which he [or she] has an estate of inheritance, or for life, or for years, may maintain an action for the partition of the property, and for a sale if it appears that a partition cannot be made without great prejudice to the owners" (RPAPL 901 [1]; *see Wilbur v Wilbur*, 266 AD2d 535, 536 [1999]; *Ferguson v McLoughlin*, 184 AD2d 294, 295 [1992]; *Bufogle v Greek*, 152 AD2d 527, 528 [1989]).

Here, there are no triable issues of fact regarding the plaintiff's right to possession of the property, which is all that she needed to maintain the present partition action (*see* RPAPL 901 [1]; *Dalmacy v Joseph*, 297 AD2d 329, 330 [2002]). Further, the plaintiff established her entitlement to summary judgment directing that the real property be partitioned and sold at public auction by demonstrating that the subject property "was so circumstanced that partition [alone] thereof cannot be made without great prejudice to the owners" (*Chittenden v Gates*, 18 App Div 169, 173 [1897]; *see* RPAPL 901 [1]). In response, the appellant failed to demonstrate the existence of a triable issue of fact sufficient to defeat the plaintiff's motion (*see Russo Realty Corp. v Katz*, 211 AD2d 673 [1995]). Contrary to the appellant's contention, it cannot be said that the equities favor dismissal of the action (*cf. Ripp v Ripp*, 38 AD2d 65, 68-69 [1971], *affd* 32 NY2d 755 [1973]; *Stressler v Stressler*, 193 AD2d 728 [1993]).

Prior to the entry of an interlocutory judgment directing the sale of the subject property, an accounting must be made of the income and expenses of the property, including but not limited to insurance costs, taxes, rents, and maintenance costs (*see* RPAPL 911, 915; *McVicker v Sarma*, 163 AD2d 721, 722 [1990]; *Barol v Barol*, 95 AD2d 942, 943 [1983]; *cf.* RPAPL 945).

843

The appellant's remaining contentions are without merit. Miller, J.P., Goldstein, Mastro and Dillon, JJ., concur.