■ Louis Anthony Graffeo, Appellant, v Debra Carol Paciello, Also Known as Debra Carol Graffeo, Respondent. [848 NYS2d 264]—

In an action for the partition and sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated April 24, 2007, which denied his motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment is granted.

By deed dated July 9, 1976, the parties' maternal grandmother conveyed certain property consisting of a three-family multiple dwelling building located in Brooklyn (hereinafter the property) to her granddaughter, the defendant, Debra Carol Paciello, also known as Debra Carol Graffeo, as sole fee owner. However, by "Warranty Deed with Full Covenants" dated August 1, 1978 (hereinafter the 1978 deed), the defendant conveyed the property to herself and her brother, the plaintiff Louis Anthony Graffeo, as tenants in common. The 1978 deed contained the following restrictive covenant: "The grantees herein expressly understand and agree that the above property shall not be sold, encumbered or conveyed until their mother, Concettina Graffeo, shall die; and then the above property may only be sold, encumbered or transferred with the written consent of both grantees. During the life of Concettina Graffeo, all above restrictions may be removed with her signature & other grantees. The grantee, Louis Anthony Graffeo, is signing this deed as evidence of his consent to the foregoing, and his agreement to be bound by the foregoing restrictions." The 1978 deed containing both

parties' signatures was duly notarized by its drafting attorney Carl E. Tavolacci, Esq., on August 1, 1978 and recorded with the Official City Register, Kings County, on August 4, 1978.

In 2000 the defendant commenced an action against her mother, Concettina Graffeo, the plaintiff, and Tavolacci, seeking to set aside the 1978 deed, claiming that her acknowledged signature on the 1978 deed transferring sole ownership of the property to herself and her brother was forged by her mother. Two appeals to this Court ensued with respect to that action (see Paciello v Graffeo, 8 AD3d 543 [2004], 32 AD3d 461 [2006]). Ultimately, the action was dismissed, as the defendant failed "to come forward with proof of the nature required to rebut the presumption of due execution arising from the certificate of acknowledgment" of the attorney who drafted the 1978 deed and notarized her signature (Paciello v Graffeo, 32 AD3d 461, 462 [2006]). Thus, the 1978 deed to the property in both the plaintiff and defendant's names remained valid.

By summons and verified complaint dated June 17, 2003, the plaintiff commenced the instant action against the defendant for "a judgment of partition pursuant to the Real Property Actions and Proceedings Law together with costs and disbursements of this action." In his verified complaint, the plaintiff alleged that their mother had passed away and, therefore, the property was no longer subject to any restrictions and should be partitioned and sold at a public auction, given the fact that it cannot be physically partitioned in equal parts. He thereafter moved for summary judgment in his favor, and the Supreme Court denied the motion. We reverse. "A person holding and in possession of real property as joint tenant or tenant in common, in which he has an estate of inheritance, or for life, or for years, may maintain an action for the partition of the property, and for a sale if it appears that a partition cannot be made without great prejudice to the owners" (RPAPL 901 [1]; see Donlon v Diamico, 33 AD3d 841, 842 [2006]; Wilbur v Wilbur, 266 AD2d 535, 536 [1999]; Ferguson v McLoughlin, 184 AD2d 294, 295 [1992]; Bufogle v Greek, 152 AD2d 527, 528 [1989]). "[I]t is not accurate to say that partition is an absolute right of a tenant in common (cf. 2 Tiffany, Law of Real Property [3d ed.], § 474). The statute confers on a tenant in common the right to maintain an action for partition ([RPAPL] 901), but the remedy has always been subject to the equities between the parties" (Ripp v Ripp, 38 AD2d 65, 68 [1971], affd on op below 32 NY2d 755 [1973]; see Stressler v Stressler, 193 AD2d 728 [1993]).

Here, the plaintiff established his entitlement to summary judgment directing that the real property be partitioned and

sold at public auction, by establishing his ownership and right to possession of the subject Property (*see* RPAPL 901 [1]; *Dalmacy v Joseph,* 297 AD2d 329, 330 [2002]) and showing that the property was "so circumstanced that a partition thereof cannot be made without great prejudice to the owners" (*Chittenden v Gates,* 18 App Div 169, 173 [1897]; *see* RPAPL 901 [1]). It cannot be said that the equities favor the defendant's position (*see Bentley v Dox,* 12 AD3d 1187 [2004]; *cf. Ripp v Ripp,* 38 AD2d at 68-69).

In opposing the plaintiff's motion for summary judgment, the defendant failed to demonstrate the existence of a triable issue of fact (*see Russo Realty Corp. v Katz,* 211 AD2d 673 [1995]). Her argument that the restrictive language of the 1978 deed prohibits the alienation of the property without the parties' consent was inappropriately raised before the Supreme Court for the first time in a self-entitled "Supplemental Affidavit," which was, in effect, an improper surreply affirmation (*see* CPLR 2214; *Flores v Stankiewicz,* 35 AD3d 804 [2006]; *Mu Ying Zhu v Zhi Rong Lin,* 1 AD3d 416, 417 [2003]; *Voytek Tech. v Rapid Access Consulting,* 279 AD2d 470 [2001]). In any event, the 1978 deed language does not expressly preclude the commencement of a partition action or other proceeding, where the parties could not agree, or if a party unreasonably withheld its consent to the sale or alienation of the property (*see Chiang v Chang,* 137 AD2d 371, 372 [1988], citing *Chew v Sheldon,* 214 NY 344, 348-349 [1915]). Krausman, J.P., Fisher, Angiolillo and Balkin, JJ., concur.