■ LINCOLN JAMES, Respondent, v EDWARD JAMES, Appellant. [859 NYS2d 479]—

In an action, inter alia, to partition real property and for an accounting, the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered May 4, 2007, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

"[O]ne who holds an interest in real property as a tenant in common may seek physical partition of the property, or, a partition and sale thereof unless it appears that physical partition alone would greatly prejudice the owners of the premises" (*Bufogle v Greek*, 152 AD2d 527, 528 [1989]; *see* RPAPL 901 [1]; *Graffeo v Paciello*, 46 AD3d 613, 614 [2007]).

Here, the plaintiff established his entitlement to summary judgment by establishing his ownership and right to possession of the subject property pursuant to a duly-executed warranty deed conveying to him a one-half interest in the subject property as a tenant in common (*see* RPAPL 901 [1]; *Duffy v Duffy*, 21 AD3d 928, 929 [2005]; *Dalmacy v Joseph*, 297 AD2d 329, 330 [2002]). While the right of a tenant in common pursuant to RPAPL 901 to maintain an action for partition is subject to the equities of the parties (*see Graffeo v Paciello*, 46 AD3d 613, 614 [2007]), here the equities favor the plaintiff's position (*see generally Donlon v Diamico*, 33 AD3d 841, 842 [2006]).

In opposing the plaintiff's motion for summary judgment, the defendant failed to raise a triable issue of fact as to whether his transfer of a one-half interest in the subject property to the plaintiff was made in reliance on a promise by the plaintiff to reconvey that interest (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *Doria v Masucci*, 230 AD2d 764, 765 [1996]; *Bufogle v Greek*, 152 AD2d 527, 528 [1989]; *Gargano v V.C.&J. Constr. Corp.*, 148 AD2d 417, 418 [1989]). Accordingly, the Supreme Court properly rejected the defendant's contentions regarding the imposition of a constructive trust, and granted the plaintiff's

motion for summary judgment (*see Sharp v Kosmalski,* 40 NY2d 119, 121 [1976]; *Doria v Masucci,* 230 AD2d 764, 765 [1996]; *Bufogle v Greek,* 152 AD2d 527, 528 [1989]; *Gargano v V.C.&J. Constr. Corp.,* 148 AD2d 417, 418 [1989]). Skelos, J.P., Santucci, Balkin and Chambers, JJ., concur.