■ JEFFREY H. ARATA, Appellant, v DEBORAH SCHNEIDER BEHLING, Respondent. [870 NYS2d 450]—

On January 31, 2005 Francis L. Arata (hereinafter Francis) conveyed his right, title, and interest to certain property in Islip (hereinafter the subject property) to his son, the plaintiff Jeffrey H. Arata (hereinafter the plaintiff) while reserving a life estate. Prior to that conveyance and since 1992 Francis and his long-time companion, the defendant, Deborah Schneider Behling (hereinafter the defendant),owned the subject property as joint tenants with the right of survivorship. On July 29, 2007 Francis executed a document entitled "Release of Life Estate," releasing to the plaintiff his previously-held life estate in the subject property. In September 2007, the plaintiff commenced this action for partition and sale of the subject property alleging, inter alia, that he and the defendant each owned a one-half interest in it as tenants in common. The Supreme Court denied the plaintiff's motion for summary judgment. We affirm.

"A person holding and in possession of real property as joint tenant or tenant in common, in which he [or she] has an estate of inheritance, or for life, or for years, may maintain an action for the partition of the property, and for a sale if it appears that a partition cannot be made without great prejudice to the owners" (RPAPL 901 [1]). The right to partition is not absolute, however, and while a tenant in common has the right to maintain an action for partition pursuant to RPAPL 901, the remedy is always subject to the equities between the parties (*see Graffeo v Paciello,* 46 AD3d 613, 614 [2007]; *Ripp v Ripp,* 38 AD2d 65, 68-69 [1971]).

Here, the plaintiff established his entitlement to summary judgment by demonstrating his ownership and right to possession of the subject property pursuant to the duly-executed bargain and sale deed dated January 31, 2005 and the "Release of Life Estate" dated July 29, 2007 (*see* RPAPL 901 [1]; *James v James,* 52 AD3d 474 [2008]). In response, the defendant raised triable issues of fact as to whether the equities favor her position (*cf. James v James,* 52 AD3d 474 [2008]; *Donlon v Diamico,* 33 AD3d 841, 842 [2006]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment. Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur.