■ SHUI YING LEE et al., Respondents, v JING TING LEE et al., Appellants. [913 NYS2d 563]—

In an action for the partition and sale of real property, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Schmidt, J.), dated May 12, 2009, which, upon a decision dated January 13, 2009, among other things, granted the plaintiffs' motion, inter alia, for summary judgment directing a judicial sale of the subject property and the division of the proceeds thereof, adjudged that the plaintiffs together have a two-thirds interest, and the defendants each have a one-sixth interest, in the subject property, dismissed the defendants' affirmative defenses and counterclaims, and directed that the subject property be sold at public auction.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly granted the plaintiffs' motion, inter alia, for summary judgment directing a judicial sale of the subject property and the division of the proceeds thereof. The plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law by establishing their ownership of two-thirds of the subject property pursuant to a duly-executed bargain and sale deed conveying to them a two-thirds interest in the subject property as tenants in common (*see* RPAPL 901 [1]; *Arata v Behling*, 57 AD3d 925, 926 [2008]; *James v James*, 52 AD3d 474, 474 [2008]; *Dalmacy v Joseph*, 297 AD2d 329, 330 [2002]). The plaintiffs also made a prima facie showing that the property was " 'so circumstanced that a partition thereof cannot be made without great prejudice to the owners' " (*Graffeo v Paciello*, 46 AD3d 613, 615 [2007], quoting *Chittenden v Gates*, 18 App Div 169, 173 [1897]). In opposition, the defendants failed to raise a triable issue of fact.

As the Supreme Court properly determined, the defendants' affirmative defenses and counterclaims are time-barred by the applicable statute of limitations set forth in CPLR 213 (*see* CPLR 213 [1], [8]; 203 [g]; *Coombs v Jervier*, 74 AD3d 724, 724 [2010]; *Moreau v Archdiocese of N.Y.*, 261 AD2d 456, 456 [1999]; *Myers v Myers*, 2010 NY Slip Op 31965[U] [Sup Ct, Queens County 2010]).

In view of our determination, we need not reach the parties' remaining contentions. Dillon, J.P., Angiolillo, Belen and Roman, JJ., concur.