■ CADLE COMPANY, Appellant, v GEORGE CALCADOR et al., Respondents. [926 NYS2d 106]—

In an action for the partition and sale of real property, the

plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated June 28, 2010, which denied that branch of its motion which was for summary judgment on the complaint and granted that branch of the cross motion of the defendant George Calcador which was for leave to amend his answer.

Ordered that the order is reversed, on the law, with one bill of costs, that branch of the plaintiff's motion which was for summary judgment on the complaint is granted, that branch of the cross motion of the defendant George Calcador which was for leave to amend his answer is denied, and the matter is remitted to the Supreme Court, Kings County, inter alia, to ascertain the rights, shares, and interests of the parties in the subject premises, by a reference or otherwise, and thereafter for entry of an appropriate judgment.

On February 4, 2002, a judgment in the amount of $96,266.19 in favor of the United States was docketed against nonparty Jose Calcador (hereinafter Jose) in the office of the Kings County Clerk, and became a lien on any real property owned by him in Kings County. At that time, Jose and his brother, the defendant George Calcador (hereinafter George), each owned a one-half interest in certain real property in Brooklyn (hereinafter the property). In 2003, Jose deeded his interest in the property to George. In July 2006, the unsatisfied judgment was assigned to the plaintiff. In June 2007, a mortgage executed by George in favor of the defendant Wells Fargo Bank, N.A. (hereinafter together the defendants), on the property was recorded. On July 26, 2007, the plaintiff executed against Jose's former interest in the property. In September 2007, acting pursuant to the plaintiff's execution, the New York City Sheriff levied on the property, and following a public auction at which the plaintiff was the highest bidder, deeded all such interest as Jose had had in the property as of February 4, 2002, to the plaintiff.

The plaintiff commenced this action seeking partition and sale of the property. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint. George cross-moved, among other things, for leave to amend his answer. The Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the complaint and granted that branch of George's cross motion which was to amend his answer. The plaintiff appeals. We reverse.

As a result of the Sheriff's deed, the plaintiff and George own the subject property as tenants in common. Contrary to the defendants' contentions, the plaintiff had a valid lien against the property owned solely by George when it delivered the execu-

tion to the Sheriff because the plaintiff's judgment was docketed at a time when Jose still had an ownership interest in the property. Pursuant to CPLR 5203 (a), a judgment becomes a lien against real property as soon as it is docketed (*see* CPLR 5203 [a]; *Ptaszynski v Flack*, 263 App Div 831 [1941]). It attaches to any property in which the debtor has an interest at that time (*see* CPLR 5201 [b]), and remains effective against such property for a period of 10 years (*see* CPLR 5203 [a]). Any transfer of the judgment debtor's interest in the property after the judgment is docketed is ineffective against the judgment creditor (*see* CPLR 5203 [a]; *Phillip v Zanani*, 67 AD3d 877, 878 [2009]; *Matter of Jones v Knowlton*, 199 AD2d 871, 872 [1993]; *Greenhouse Realty v St. George*, 151 AD2d 7, 9 [1989]). That the plaintiff was assigned the judgment after it was docketed and/or after Jose deeded his interest to George does not alter the plaintiff's entitlement to levy on the lien: the assignment of a judgment vests in the assignee all remedies for its enforcement which were available to the assignor, and an assignee of a judgment creditor entitled to enforce a judgment may do the same (*see People ex rel. Hirsch v Weissbrod*, 178 Misc 177, 178 [1942]). Since the plaintiff's predecessor-in-interest docketed the judgment on February 4, 2002, when Jose was a co-owner of the subject property, the plaintiff was thus entitled to execute against Jose's former interest in the property when it did so on July 26, 2007 (*see Registrato v Corso*, 70 Misc 2d 494 [1972]).

"[A] person holding and in possession of real property as joint tenant or tenant in common, in which he [or she] has an estate of inheritance, or for life, or for years, may maintain an action for the partition of the property, and for a sale if it appears that a partition cannot be made without great prejudice to the owners" (RPAPL 901 [1]; *see Arata v Behling*, 57 AD3d 925, 926 [2008]; *Graffeo v Paciello*, 46 AD3d 613, 614 [2007]). A plaintiff establishes his or her right to summary judgment on an action for partition and sale by demonstrating ownership and right to possession of the property (*see Arata v Behling*, 57 AD3d at 926; *James v James*, 52 AD3d 474 [2008]; *Dalmacy v Joseph*, 297 AD2d 329, 330 [2002]). Here, the plaintiff made a prima facie showing by submitting evidence that Jose and his brother George each had a one-half interest in the property on February 4, 2002, and by submitting a copy of the Sheriff's deed conveying "all the estate, right, title and interest" which Jose had on that date to the plaintiff. The plaintiff also made a prima facie showing that the property was "so circumstanced that a partition thereof cannot be made without great prejudice to the owners" (*Chittenden v Gates,* 18 App Div 169, 173 [1897]; *see* RPAPL 915, 901 [1]; *Graffeo v Paciello*, 46 AD3d at 615; *Donlon v*

*Diamico*, 33 AD3d 841, 842 [2006]; *Ferguson v McLoughlin*, 184 AD2d 294, 295 [1992]).

In opposition, the defendants failed to raise a triable issue of fact rebutting the plaintiff's prima facie showing or as to the merit of their affirmative defenses (*see Pando v Tapia*, 79 AD3d 993, 995 [2010]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the complaint (*id.* at 995; *see Manganiello v Lipman*, 74 AD3d 667, 668-669 [2010]; *Graffeo v Paciello*, 46 AD43d at 614-615; *Donlon v Diamico*, 33 AD3d at 842).

Since George's proposed amendments to the answer were patently devoid of merit, that branch of his cross motion which was for leave to amend his answer should have been denied (*see Schwartz v Martin*, 82 AD3d 1201 [2011]).

The parties' remaining contentions are without merit. Rivera, J.P., Balkin, Lott and Austin, JJ., concur.