ENYA GALITSKAYA, Appellant, v ANATOLIY PRESMAN, Respondent. [937 NYS2d 878]—

"A person holding and in possession of real property as joint tenant or tenant in common, in which he [or she] has an estate of inheritance, or for life, or for years, may maintain an action for the partition of the property, and for a sale if it appears that a partition cannot be made without great prejudice to the owners" (RPAPL 901 [1]).

The plaintiff made a prima facie showing of her entitlement to judgment as a matter of law (*see Cadle Co. v Calcador,* 85 AD3d 700, 702 [2011]; *Arata v Behling,* 57 AD3d 925, 926 [2008]; *James v James,* 52 AD3d 474 [2008]). The plaintiff demonstrated her ownership and the right to possession of the subject cooperative apartment through, inter alia, a stock certificate issued in the names of her and the defendant. In addition, the plaintiff demonstrated that the equities are in her favor (*see Donlon v Diamico,* 33 AD3d 841, 842 [2006]; *Ripp v Ripp,* 38 AD2d 65, 68-69 [1971], *affd* 32 NY2d 755 [1973]). The plaintiff further established, prima facie, that a partition of the property cannot be made without great prejudice to the owners (*see Cadle Co. v Calcador,* 85 AD3d at 702; *Donlon v Diamico,* 33 AD3d at 842). In opposition, the defendant failed to raise a triable issue

of fact (*see Cadle Co. v Calcador*, 85 AD3d at 703; *Arata v Behling*, 57 AD3d at 926; *Donlon v Diamico*, 33 AD3d at 842). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint. Florio, J.P., Chambers, Hall and Miller, JJ., concur.