■ SHERMAN HOLLEY, Respondent, v JACQUELINE HINSON-HOLLEY, Also Known as JACQUELINE HINSON, Appellant. (Action No. 1.) YUVAL GOLAN, Plaintiff, v SHERMAN HOLLEY, Respondent. (Action No. 2.) [956 NYS2d 513]—

In 1980, Sherman Holley, the plaintiff in action No. 1 and the defendant in action No. 2, and his then-wife, Jacqueline Hinson-Holley, also known as Jacqueline Hinson (hereinafter Hinson), the defendant in action No. 1, purchased, as tenants by the entirety, certain real property in Brooklyn. The parties were divorced in 1986. As a result of the divorce, Holley and Hinson owned the subject property as tenants in common, since their ownership as tenants by the entirety was extinguished as a matter of law (*see Goldman v Goldman*, 95 NY2d 120, 122 [2000]; *Pando v Tapia*, 79 AD3d 993, 994-995 [2010]).

In December 2008, Holley commenced action No. 1 against Hinson seeking, among other things, partition of the subject property. Holley moved in action No. 1, inter alia, for summary judgment on the cause of action for partition. Hinson opposed the motion on the grounds, among others, that she was entitled to an accounting, and that summary judgment was premature because discovery had not yet taken place. The Supreme Court, inter alia, granted that branch of Holley's motion which was for summary judgment on the cause of action for partition, and appointed a referee to hear and report with respect to an accounting of the property.

Hinson may not appeal from so much of the order as appointed a referee to hear and report with respect to an accounting of the property, since she requested that relief, and therefore is not aggrieved by that portion of the order (*see* CPLR 5511; *Russo v Russo*, 275 AD2d 406 [2000]).

Holley established his prima facie entitlement to judgment as a matter of law on the cause of action for a partition of the subject property by submitting, inter alia, a copy of the deed to that property indicating that he was a tenant in common with Hinson and that he owned a 50% interest therein (*see Donlon v*

*Diamico,* 33 AD3d 841, 842 [2006]; *Dalmacy v Joseph,* 297 AD2d 329, 330 [2002]). In opposition, Hinson failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

Hinson's remaining contention is without merit.

Accordingly, the Supreme Court properly granted that branch of Holley's motion which was for summary judgment on the cause of action for partition. Rivera, J.P., Chambers, Roman and Sgroi, JJ., concur.