■ MINAS TSOUKAS, Appellant, v KONSTANTINOS TSOUKAS, Respondent. [968 NYS2d 109]—

In an action for the partition and sale of real property, the plaintiff appeals from an order of the Supreme Court, Richmond County (Fusco, J.), dated April 10, 2012, which denied his motion, inter alia, for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

"A person holding and in possession of real property as joint tenant or tenant in common, in which he [or she] has an estate of inheritance, or for life, or for years, may maintain an action for the partition of the property, and for a sale if it appears that a partition cannot be made without great prejudice to the owners" (RPAPL 901 [1]). The right to partition is not absolute, however, and while a tenant in common has the right to maintain an action for partition pursuant to RPAPL 901, the remedy is always subject to the equities between the parties (*see Pando v Tapia*, 79 AD3d 993, 995 [2010]; *Arata v Behling*, 57 AD3d 925, 926 [2008]; *James v James*, 52 AD3d 474, 474 [2008]; *Graffeo v Paciello*, 46 AD3d 613, 614 [2007]).

Here, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law by submitting a copy of the duly-executed bargain and sale deed dated October 1, 2003, demonstrating his ownership and the right to possession of the subject property as a tenant in common with the defendant. In opposition, the defendant raised triable issues of fact as to whether the equities were in his favor (*see Arata v Behling*, 57 AD3d at 926). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Hall, Cohen and Miller, JJ., concur.