Fini v Marini (2018 NY Slip Op 06003)





Fini v Marini


2018 NY Slip Op 06003


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-10196
 (Index No. 11646/13)

[*1]Tommaso Fini, respondent-appellant, 
v
Giulio Marini, appellant-respondent.


Palmieri Castiglione & Nightingale, P.C., Mineola, NY (Joseph P. Fusco and Vito A. Palmieri of counsel), for appellant-respondent.
Cooper & Paroff, P.C., Kew Gardens, NY (Ira G. Cooper of counsel), for respondent-appellant.



DECISION & ORDER
In an action for the partition of real property, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered August 10, 2015. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint and on his counterclaims. The order, insofar as cross-appealed from, denied the plaintiff's cross motion for summary judgment on the complaint and dismissing the defendant's counterclaims.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and the plaintiff's cross motion for summary judgment on the complaint and dismissing the defendant's counterclaims is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In this action for the partition of real property, the parties are brothers-in-law and former business partners. In 1970, they purchased a piece of real property in Queens (hereinafter Lot 176) as tenants in common. Thereafter, they used Lot 176 for business purposes. In 1992, the parties decided to sever their business relationship. They entered into an agreement (hereinafter the 1992 agreement) whereby the plaintiff would sell all of his shares of the capital stock of four corporations to the defendant, said shares constituting all of the plaintiff's right, title, and interest in those corporations. The plaintiff continued working on Lot 176 until he went on disability in 1994.
In 2013, the plaintiff commenced this action for the partition of Lot 176, alleging that he had a present right of possession of the premises and a right to bring this action as the owner of an undivided share in the premises. In his answer, the defendant asserted counterclaims alleging adverse possession and breach of contract, and seeking legal fees. Subsequently, the defendant moved for summary judgment dismissing the complaint and on his counterclaims. The plaintiff cross-moved for summary judgment on the complaint and dismissing the defendant's counterclaims. The Supreme Court denied the defendant's motion and the plaintiff's cross motion, finding that there were triable issues of fact regarding the ownership interests of the parties in the subject property. [*2]The defendant appeals, and the plaintiff cross-appeals.
We agree with the Supreme Court's determination to deny that branch of the defendant's motion which was for summary judgment dismissing the complaint. The defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint seeking the partition of Lot 176. The defendant did not demonstrate that the plaintiff had transferred his interest in Lot 176 to the defendant, or that the parties had agreed not to partition Lot 176. Contrary to the defendant's contention, a settlement agreement dated April 25, 2002 (hereinafter 2002 agreement), entered into by the parties to resolve a dispute regarding a parcel of property located in Suffolk County, did not effect a transfer to the defendant of Lot 176, which is located in Queens County. Nowhere in the 2002 agreement, including, but not limited to, the third "whereas" clause in said agreement, do the parties provide that the plaintiff's entire interest in Lot 176 would be transferred to the defendant. The deed referred to in that part of the 2002 agreement which provides for the transfer of title by delivery of said deed is the deed for the Suffolk County property. Moreover, contrary to the defendant's contention, the mutual releases in the 2002 agreement did not act as a bar to the plaintiff's action for partition.
The defendant also failed to establish his prima facie entitlement to judgment as a matter of law on his counterclaim for adverse possession. In order to establish his counterclaim for adverse possession, the defendant was required to prove, by clear and convincing evidence, that his possession of the property was (1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required statutory period (see Sorbi v Fluger, 126 AD3d 880; Chion v Radziul, 62 AD3d 931; Perfito v Einhorn, 62 AD3d 846). The defendant could not establish that his possession of Lot 176 was under a claim of right, as he did not have a reasonable basis for the belief that the property belonged to him alone (see RPAPL 501[3]). Even assuming that the defendant had exclusive possession of Lot 176 and that he paid maintenance expenses on that property, these actions are insufficient to establish a claim of right for purposes of adverse possession as against a cotenant (see Lindine v Iasenza, 130 AD3d 1329; Loveless Family Trust v Koenig, 77 AD3d 1447). RPAPL 541 creates a statutory presumption that a tenant in common in possession holds the property for the benefit of the cotenant (see Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746; DeRosa v DeRosa, 58 AD3d 794, 795). The presumption ceases only after the expiration of 10 years of exclusive occupancy of such tenant or upon ouster (see RPAPL 541; Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d at 749).
Actual ouster usually requires a possessing cotenant to expressly communicate an intention to exclude or to deny the rights of cotenants. Ouster may be implied in cases where the acts of the possessing cotenant are so openly hostile that the nonpossessing cotenants can be presumed to know that the property is being adversely possessed against them (see Myers v Bartholomew, 91 NY2d 630, 633). Here, the defendant did not commit acts constituting either an actual or implied ouster. Absent ouster, the period required by RPAPL 541 is 20 years of continuous exclusive possession before a cotenant may acquire full title by adverse possession (see Myers v Bartholomew, 91 NY2d at 632, 638; DeRosa v DeRosa, 58 AD3d at 795). Even assuming that the defendant had exclusive possession of the property after the plaintiff went on disability in 1994, the required 20-year statutory period had not elapsed when the defendant asserted his counterclaim for adverse possession in his answer on September 26, 2013.
The defendant also failed to establish his prima facie entitlement to judgment as a matter of law on his counterclaim alleging breach of contract. The 1992 agreement does not prohibit either party from asserting a cause of action for partition. The defendant claims that the parties had agreed in the 1992 agreement that the plaintiff would transfer his interest in Lot 176 to the defendant, but the agreement does not contain such a provision. The parol evidence rule precluded the evidence submitted by the defendant of a prior or contemporaneous communication during negotiations of an agreement that contradicted, varied, or explained the parties' 1992 written agreement, which is clear and unambiguous in its terms and expresses the parties' entire agreement and intentions (see Hoeg Corp. v Peebles Corp., 153 AD3d 607). Furthermore, the purported agreement for the transfer of the plaintiff's interest in Lot 176 fails to satisfy the statute of frauds. The statute of frauds provides that a contract for the sale of real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged (see General Obligations Law § 5-703[2]; Educational Ctr. for New Ams., Inc. v 66th [*3]Ave. Realty Co., 131 AD3d 442; Alayoff v Alayoff, 112 AD3d 564; DeMartin v Farina, 205 AD2d 659). Here, there is no contract for the sale of any interest in Lot 176 memorialized in writing, so any purported agreement regarding that property is void.
Accordingly, while we agree with the Supreme Court's denial of that branch of the defendant's motion which was for summary judgment on his counterclaims, it should have further granted that branch of the plaintiff's cross motion which was for summary judgment dismissing the counterclaims.
The Supreme Court also should have granted that branch of the plaintiff's cross motion which was for summary judgment on the complaint. A plaintiff establishes his or her right to summary judgment on a cause of action for partition and sale by demonstrating ownership and right to possession of the property (see Cadle Co. v Calcador, 85 AD3d 700; Arata v Behling, 57 AD3d 925). The plaintiff established his entitlement to summary judgment on the complaint by submitting a duly executed deed conveying to him a one-half interest in Lot 176 as a tenant in common (see James v James, 52 AD3d 474). The defendant failed to raise a triable issue of fact in opposition (see id. at 474; cf. Arata v Behling 57 AD3d at 926).
SCHEINKMAN, P.J., DILLON, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court