Arlo 67, LLC v Doyle (2022 NY Slip Op 00161)





Arlo 67, LLC v Doyle


2022 NY Slip Op 00161


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-06365
 (Index No. 503789/18)

[*1]Arlo 67, LLC, appellant, 
v
Phillipa Doyle, etc., respondent.


Charles R. Cuneo, P.C., Huntington, NY, for appellant.



DECISION & ORDER
In an action for the partition and sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated February 7, 2019. The order denied the plaintiff's motion, in effect, for summary judgment determining that the plaintiff is entitled to partition of the subject property and to appoint a referee, inter alia, to determine whether physical partition or sale is the appropriate remedy.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action seeking the partition and sale of certain real property. The plaintiff alleged that the property had been owned by James and Phyllis Giles (hereinafter together the Gileses), who were deceased. The plaintiff alleged that the defendant and the defendant's brother were the Gileses' children and "the two . . . heirs-at-law" of the Gileses' respective estates. The plaintiff contended that the defendant and her brother were vested with title to the property by operation of law upon their parents' deaths. The plaintiff alleged that it had obtained its interest in the property from a deed given by the defendant's brother, and that it owned the property as a tenant in common with the defendant.
The plaintiff moved, in effect, for summary judgment determining that it is entitled to partition of the property and to appoint a referee, inter alia, to determine whether physical partition or sale is the appropriate remedy. The Supreme Court denied the motion, and the plaintiff appeals.
"A person holding and in possession of real property as joint tenant or tenant in common . . . may maintain an action for the partition of the property, and for a sale if it appears that a partition cannot be made without great prejudice to the owners" (RPAPL 901[1]). "The right to partition is not absolute, however, and while a tenant in common has the right to maintain an action for partition pursuant to RPAPL 901, the remedy is always subject to the equities between the parties" (Goldberger v Rudnicki, 94 AD3d 1048, 1050; see Arata v Behling, 57 AD3d 925, 926; Graffeo v Paciello, 46 AD3d 613, 614).
Here, as the Supreme Court correctly concluded, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. Although the plaintiff asserted that it had acquired an interest in the property from a deed given by the defendant's brother, the plaintiff failed to affirmatively demonstrate, prima facie, that the defendant's brother had any interest in the property to convey (cf. Cadle Co. v Calcador, 85 AD3d 700, 702-703; Pando v Tapia, 79 AD3d 993, 995; [*2]Arata v Behling, 57 AD3d at 926; Dalmacy v Joseph, 297 AD2d 329, 330). As a general matter, upon the death of the defendant's last surviving parent, title to any real property owned by that parent would have vested in either the devisees named in that parent's will, or, if that parent died intestate, in that parent's heirs at law (see generally Waxson Realty Corp. v Rothschild, 255 NY 332, 336). In moving for summary judgment, the plaintiff failed to demonstrate, prima facie, that the defendant's last surviving parent died intestate such that title passed by operation of law to the defendant and her brother (cf. Matter of Blango, 166 AD3d 767, 768; Kraker v Roll, 100 AD2d 424, 429). To the contrary, it is undisputed that a purported last will and testament of Phyllis Giles was submitted for probate in the Surrogate's Court. To the extent the plaintiff contends that the defendant's brother obtained title to the property under Phyllis Giles's purported last will and testament, the plaintiff "failed to submit a copy of [Phyllis Giles's] will or proffer any evidence beyond [its] own unsubstantiated allegations to establish that [the defendant's brother had] an interest in [the subject] parcel[ ]" (Korn v Korn, 135 AD3d 1023, 1025; cf. Waxson Realty Corp. v Rothschild, 255 NY at 336). Under these circumstances, the plaintiff's evidence was insufficient to demonstrate, prima facie, that the plaintiff was "holding and in possession of real property as joint tenant or tenant in common" (RPAPL 901[1]; see Korn v Korn, 135 AD3d at 1025; see also Richter v Richter, 125 AD2d 384, 384; cf. James v James, 52 AD3d 474, 474; Graffeo v Paciello, 46 AD3d at 614-615). Inasmuch as the plaintiff failed to sustain its prima facie burden, the Supreme Court properly denied its motion regardless of the sufficiency of any opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., CHAMBERS, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court