*467 Order, Supreme Court, New York County (Barbara Kapnick, J.), entered June 15, 2011, which, to the extent appealed from as limited by the briefs, granted defendant David Cooper and intervenor Imperial’s cross motion to stay a sheriffs sale of a condominium belonging to defendant-judgment debtor Mel Cooper, and denied intervenors-judgment creditors Benhuri, Kroitoro and Epstein’s motion to have a receiver appointed to conduct the sale, unanimously reversed, on the law, without costs, the stay vacated, and the sale directed to proceed under the auspices of a receivership, pursuant to the parties’ stipulation.
Plaintiff and intervenors-appellants are correct that their judgments, entered in May 2007, have priority over the purported conveyance of the debtor’s condominium via a deed dated and recorded in October 2007 (CPLR 5203). Moreover, the notation on the October 2007 deed that is “confirmatory” of a deed supposedly executed in April 2006 is insufficient to create or evidence a conveyance of real property at that early time (Real Property Law §§ 243, 291). The IAS court erred in staying the sale pending the outcome of a fraudulent conveyance action brought by a subsequent judgment debtor. Because the judgments of appellants were entered prior to October 2007, it does not matter whether the conveyance in October 2007 was bona fide; it is invalid as to them. Finally, Plaintiff waived any right to a sale of the property by the sheriff when it entered into a valid stipulation with the other creditors that provided for a sale by designated co-receivers. Concur—Friedman, J.P., Sweeny, Acosta, Abdus-Salaam and Manzanet-Daniels, JJ. [Prior Case History: 31 Misc 3d 1245(A), 2011 NY Slip Op 51115(U).]