■ LEVITT & KAIZER, Respondent, v WAYNE IVORY CHARLES, Defendant. WAYNE IVORY CHARLES, II, Nonparty Appellant. [51 NYS3d 881]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered July 5, 2016, which denied the motion of nonparty Wayne Ivory Charles, II (Charles II) to dismiss or deny plaintiff's order to show cause seeking the appointment of a receiver, unanimously modified, on the law, to vacate that part of the order finding that Charles II lacked standing, and otherwise affirmed, without costs.

On October 2, 2015, the court granted plaintiff's order to show cause seeking appointment of a receiver to sell the premises jointly held by defendant and Charles II. On or about March 19, 2016, Charles II moved to dismiss or deny plaintiff's order to show cause, well after it was granted. Accordingly, the court properly denied the motion as moot.

However, in denying the motion, the court erred in finding that Charles II lacked standing to oppose the order. Although

he lacks standing to challenge plaintiff's lien on the property, which was docketed when defendant was its sole owner (CPLR 5203; *Cadlerock Joint Venture, L.P. v Bersson*, 102 AD3d 466 [1st Dept 2013]; *Cadle Co. v Calcador*, 85 AD3d 700, 702 [2d Dept 2011]), since defendant transferred an interest to Charles II as a joint tenant, Charles II has standing to challenge the appointment of a receiver to enter, collect rents on, and sell the property, worth approximately $3.6 million, to satisfy plaintiff's $150,000 judgment against defendant, or to propose alternative solutions (CPLR 5228). Similarly, inasmuch as Charles II was aggrieved by the court's finding that he lacked standing, he has standing to maintain the instant appeal (*see* CPLR 5511; *State of New York v Philip Morris Inc.*, 61 AD3d 575, 578 [1st Dept 2009], *appeal dismissed* 15 NY3d 898 [2010]). Concur—Friedman, J.P., Moskowitz, Manzanet-Daniels, Kapnick and Webber, JJ.

---

Motion to strike portions of brief granted except insofar as it seeks to strike references to court orders in related proceedings. Cross motion to consolidate denied.